Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 400
Los Angeles, California 90067
Phone:       310.276.6664
Facsimile:   310.305.1550
omid@omnilegalgroup.com
ariana@omnilegalgroup.com
lara@omnilegalgroup.com

Attorneys for Plaintiff,
COVE USA LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NO BAD DAYS ENTERPRISES, INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-11084<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK**<br>**2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT**<br>**3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF, CODE 17200 ET SEQ.**<br>**4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>**5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>**6) INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP**<br><br>**JURY TRIAL DEMAND** |

PLAINTIFF Cove USA LLC ("Plaintiff" or "Cove"), by and through its attorneys, hereby brings this Complaint against Defendants No Bad Days Enterprises, Incorporated ("No Bad Days") and Scott Sample ("Sample" and collectively with No Bad Days, "Defendants"), and alleges as follows:

## SUMMARY OF THE ACTION

1. Cove and No Bad Days are business competitors both offering beach-inspired clothing for sale. Cove offers numerous popular items of apparel featuring ubiquitous phrases and beachy designs with an ultimate goal of making a difference through environmentally friendly business practices. On the other hand, No Bad Days provides t-shirts, sweatshirts, hats, hoodies, bags, decals, keychains, and other products featuring the phrase "NO BAD DAYS" inspired by a "laid back way of life."

2. Because of Cove's commercial success, due in no small part to its ethical sourcing and sustainable manufacturing methods, Defendants chose to attack Cove. By repeatedly filing false claims against Cove for trademark and copyright infringement with e-commerce platforms like Shopify, Defendants have disrupted Cove's online business and damaged its business relationship with online distributors. To further demonstrate bad faith, Defendants sent a singular notice to Cove of its allegations and then refused to actually engage in a meaningful discussion regarding the validity of such claims with Cove.

3. Plaintiff now seeks declaratory relief from this Court to resolve the dispute and be compensated for the injury caused by No Bad Days' unlawful business practices.

## PARTIES

4. Plaintiff Cove is, and at all times relevant herein was, a California limited liability company, having a principal place of business in Irvine, California.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant No Bad Days is, and at all times relevant herein was, a California

corporation with its principal place of business in Temecula, California.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Sample is an individual, over the age of eighteen and a resident of the County of Riverside in the State of California. Plaintiff further alleges on information and belief that Sample is a manager and co-founder of No Bad Days.

7. Plaintiff is informed and believes, and on that basis alleges, that Sample is responsible for controlling and directing the activities and business affairs of No Bad Days. Plaintiff further alleges on information and belief that at all times relevant hereto Sample had and has exercised complete control over No Bad Days, which was used exclusively by him to further his personal gains.

8. At all times herein mentioned, each Defendant was the agent, servant, joint venture, partner, or employee of the other Defendants, successor corporations, successors in interest, or entities and, in doing the things herein alleged, were acting within the purpose and scope of said agency or employment at the time of the alleged acts. All Defendants were acting within the scope and course of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

9. Plaintiff is informed and believes, and on that basis alleges, that Sample has and continues to utilize No Bad Days for the transfer of assets for his own personal benefit.

10. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto Sample had a personal material financial interest in No Bad Days, and that Sample engaged in self-dealing transactions with No Bad Days, for his own personal benefit.

11. Plaintiff is informed and believes, and on that basis alleges, that there exists at all times relevant herein has existed, a unity of interest and ownership between Sample and No Bad Days such that any individuality and separateness between Sample and No Bad Days has ceased, and No Bad Days is nothing more

than a shell entity acting as the alter ego of Sample.

12. Plaintiff is informed and believes, and on that basis alleges, that adherence to the fiction of the separate existence of Sample, on the one hand, and No Bad Days, on the other, as distinct from one another would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

13. Plaintiff is informed and believes, and on that basis alleges, that Sample utilized the corporate form of No Bad Days to perpetrate a fraud, circumvent statutory law, and accomplish a wrongful and inequitable purpose. In such circumstances, this Court should ignore the corporate entity, under the alter ego doctrine, and deem No Bad Days' acts to be those of persons or organizations (namely, Sample) actually controlling the corporation.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendants are responsible for their acts and for their conduct, which are the true legal causes of the damages herein alleged.

## JURISDICTION AND VENUE

15. This is a declaratory judgment action for non-infringement of trademark and copyright, arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the Lanham Act, Title 15 of the United States Code, and the Copyright Act, Title 17 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201-02, based on the existence of an actual controversy between Plaintiff, on the one hand, and Defendants, on the other hand, for claims under the Lanham Act, the Copyright Act, California law, and common law. Supplemental jurisdiction over the California unfair competition, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and intentional interference with a contractual relationship claims is conferred pursuant to 28 U.S.C. §1367.

16. Personal jurisdiction as to Defendants is conferred on this Court

because, on information and belief, Defendants' contacts with the State of California are systematic and continuous so as to render Defendants essentially at home in California. In particular, No Bad Days (a) is a California corporation, Defendants (b) have marketed, distributed, offered for sale, and/or sold goods to persons within the State of California, (c) regularly transact and conduct business within the State of California, and (d) have otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

17. Venue is proper over these claims in the Central District of California under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district and all Defendants are residents of the State of California. Venue is further proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

18. Inspired by the beauty of the oceans and beaches of Southern California and seeking to make a difference in the world, Cove began offering ethically sourced clothing in an effort to demonstrate to its customers that sustainable clothing can be stylish, comfortable and affordable. Not only is each Cove order packaged and shipped in 100% biodegradable parcels derived from plant-based materials, Cove has also eliminated the use of harmful plastic in its manufacturing process. In this manner, Cove has made strides in promoting sustainable and ethical sourcing practices and ultimately, protecting the environment.

19. As a function of Cove's mission to make a difference, Cove donates 10% of the profits from each sale to nonprofit organizations, including those dedicated to beach clean ups and ocean conservation efforts. Additionally, Cove uses its platform as well as other outreach campaigns to promote nonprofits. The Ocean Cleanup, which employs "Interceptors" to collect trash from polluted river systems before it reaches the ocean, is one of such nonprofits whose efforts are supported by Cove.

20. Plaintiff operates its main product store through Shopify, an e-commerce marketplace platform. Through this online store, Plaintiff sells apparel and other related consumer products.

21. Much of Cove's apparel incorporates ubiquitous phrases together with beachy designs. For instance, some of Cove's popular designs include "RESPECT THE SEA" with a ship being taken over by an angry octopus, "ENDLESS SUMMER" with a surfboard leaning against a van, "LET'S GET HAMMERED" with a hammerhead shark, "THE SEA WILL PROVIDE" with a skeleton reeling in a large fish, and "LOCALS ONLY" with dolphins and a wave. *See* **EXHIBIT A**. While each of these designs playfully conjures a beach/surfing lifestyle through use of imagery and common phrases, each also ties into Cove's mission of making a difference and respecting the ocean. For instance, the "WATCH OUT BELOW" design serves as a friendly reminder that humans are guests in the ocean and need to be respectful as such.

22. As it was used by Plaintiff, "NO BAD DAYS" comprises a decorative feature that does not identify and distinguish Plaintiff's goods and therefore, does not function as a trademark. Indeed, consumers perceive such a familiar slogan as mere decoration or ornamentation and are unlikely to use it to identify only once source. This is further evidenced by the numerous third-party uses of the phrase on items for which Defendants claim to own registered trademarks. *See* **EXHIBIT B**.

23. Per Defendants' website (www.nobaddays.com), Defendants were motivated by trips to Cabo San Lucas, Mexico, which features a "laid back way of life," to begin offering for sale beach-inspired clothing and other products displaying the phrase "NO BAD DAYS." To that end, Defendants' line of products are either duplicates or minor derivatives of other designs already existing in the marketplace. For example, the phrase "NO BAD DAYS" is commonly used on apparel. *See* **EXHIBIT B**. In addition, beach-themed attire featuring phrases suggesting a "laid back way of life" is neither original nor unique to Defendants.

24. Defendants have submitted multiple takedown claims through Shopify to have various products incorporating the phrase "NO BAD DAYS" (the "Accused Products") removed from Plaintiff's website (www.coveusa.co). Apparently disagreeing with Defendants' assertions of infringement, Shopify initially reinstated the Accused Products after Plaintiff appealed these notices.

25. On or around October 9, 2020, Sample emailed Plaintiff accusing various products incorporating the phrase "NO BAD DAYS" (the "Accused Products") of trademark and copyright infringement. Within two weeks of receipt, Plaintiff promptly responded to Defendants' correspondence explaining its position that Plaintiff is not and has not infringed any of Defendants' intellectual property, including by offering for sale and selling the Accused Products. To date, Plaintiff has received no response to its correspondence.

26. Rather than engage in meaningful settlement discussions, Defendants continued to submit takedown claims through Shopify causing Plaintiff's Accused Products to be removed from Plaintiff's online store. To date, the Accused Products remain inactive on Plaintiff's Shopify storefront.

27. Plaintiff is an entity in good standing with Shopify and repeated claims of infringement, regardless of merit, can detrimentally affect its ability to sell products in this marketplace. Plaintiff is further harmed by Defendants' baseless infringement claims by way of its present inability to offer for sale and sell the Accused Products via Shopify.

28. With a goal of obliterating its competition, Defendants have maliciously disrupted Plaintiff's business by filing bogus complaints against the Accused Products on Shopify, alleging trademark and copyright infringement, thereby causing the Accused Products' listings to be removed for extended periods of time. These claims were baseless and intended solely to disrupt Plaintiff's business. Defendants do not even hold copyrights in "NO BAD DAYS" or any of its designs but maliciously uses the Digital Millennium Copyright Act (DMCA) as

a means to frustrate Plaintiff's online business in bad faith.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of Trademark

29. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 28 above and incorporates them by reference.

30. There is an actual and ongoing case or controversy between Plaintiff and Defendants as to whether the "NO BAD DAYS" mark is or has been infringed by Plaintiff.

31. Plaintiff does not offer for sale or sell, within the United States, or import into the United States, any product bearing marks that infringe any valid and enforceable trademark owned by Defendants including, but not limited to the "NO BAD DAYS" mark.

32. A judicial declaration is necessary under the circumstances to resolve this controversy. Plaintiff requests a declaratory judgment that it does not offer for sale or sell, within the United States, any goods bearing marks, or engage in any advertising or use of any mark that infringes any valid and enforceable trademark owned by Defendants including, but not limited to, the "NO BAD DAYS" mark.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of Copyright

33. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 32 above and incorporates them by reference.

34. There is an actual and ongoing case or controversy between Plaintiff and Defendants as to whether the "NO BAD DAYS" phrase, design, or copyright is or has been infringed by Plaintiff.

35. Plaintiff contends that Defendants have not established any copyright in or to the "NO BAD DAYS" phrase or design because the phrase and/or design is neither original nor creative. Plaintiff is informed and believes, and on that basis alleges, that Defendants own no copyright registration for the "NO BAD DAYS"

phrase or design and therefore, have no standing to institute legal action based on copyright infringement against Plaintiff.

36. A judicial declaration is necessary under the circumstances to resolve this controversy. Plaintiff requests a declaratory judgment that it does not offer for sale or sell, within the United States, any product that infringes any valid and enforceable copyright owned by Defendants including, but not limited to the "NO BAD DAYS" phrase or design.

## THIRD CLAIM FOR RELIEF

**Unfair Competition Under Cal. Bus. & Prof. Code Section 17200 *et seq.***

37. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 36 above and incorporates them by reference.

38. California Business and Professions Code, Section 17200 states, in pertinent part: "…unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

39. At all times mentioned herein, Defendants have engaged in "unfair" business practices. Defendants have maliciously disrupted Plaintiff's business by filing fraudulent complaints against Plaintiff's product listings, alleging trademark and copyright infringement, thereby causing Plaintiff's product listings to be removed for extended periods of time.

40. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its business. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

41. Defendants have acted with the intent to disrupt Plaintiff's business and thus its acts are willful and intentional.

42. Defendants should be required to restore to Plaintiff its lost revenue as a result of Defendants' unlawful and fraudulent business acts or to provide Plaintiff with any other restitutionary relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Relations

43. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 42 above and incorporates them by reference.

44. Plaintiff operates its main product store on the e-commerce marketplace platform Shopify, where it sells apparel and other related consumer products.

45. Defendants knew that Plaintiff sold apparel and other related products on this platform.

46. Defendants maliciously disrupted Plaintiff's business by filing complaints against Plaintiff's product listings, alleging trademark and copyright infringement.

47. As a result of Defendants' frivolous complaints, Plaintiff's product listings were removed from Shopify for extended periods of time.

48. Defendants' complaints were baseless and intended solely to disrupt Plaintiff's online business.

49. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered harm and losses as described herein and in amounts to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### Negligent Interference with Prospective Economic Relations

50. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 49 above and incorporates them by reference.

51. Plaintiff operates its main product store on the e-commerce marketplace platform Shopify, where it sells apparel and other related consumer products.

52. Defendants knew or should have known that Plaintiff sold apparel and other related products on this platform.

53. Defendants maliciously disrupted Plaintiff's business by filing complaints against Plaintiff's product listings, alleging trademark and copyright infringement.

54. As a result of Defendants' frivolous complaints, Plaintiff's product listings were removed from Shopify for extended periods of time.

55. Defendants' complaints were baseless and Defendants should have known that these false claims would disrupt Plaintiff's online business.

56. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered harm and losses as described herein and in amounts to be proved at trial.

## SIXTH CLAIM FOR RELIEF

### Intentional Interference with a Contractual Relationship

57. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 56 above and incorporates them by reference.

58. Plaintiff sells apparel and other related products primarily through an e-commerce platform Shopify. As a condition for selling products on this platform, sellers are required to abide by certain terms of use, including refraining from listing and selling products that infringe the intellectual property rights of others.

59. As a seller on this e-commerce platform, Defendants knew of these terms and conditions and further understood that Plaintiff could ultimately be prohibited from selling products on this platform if infringement complaints against it persisted.

60. Defendants' repeated filing of fraudulent complaints against Plaintiff caused Plaintiff's product listings to be removed from Shopify for extended periods of time.

61. Defendants' infringement claims were baseless and intended solely to disrupt Plaintiff's online business.

62. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered harm and losses as described herein and in amounts to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A. Entry of an order declaring that Plaintiff's products do not infringe and have not infringed any valid and enforceable trademark owned by Defendants;

B. Entry of an order declaring that Plaintiff's products do not infringe and have not infringed any valid and enforceable copyright owned by Defendants;

C. Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined and restrained from:

    1. Disrupting Plaintiff's business, including by filing takedown claims with any e-commerce platform, such as Shopify; and

    2. Unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff;

D. An accounting against Defendants, and an award of monetary relief to Plaintiff in an amount to be fixed by the Court in its discretion, including:

    1. All profits received by Defendants from sales and revenues of any kind made as a result of their unlawful actions;

    2. All damages sustained by Plaintiff as a result of Defendants' acts of interference with prospective economic relations or a contractual relationship and unfair competition; and

    3. All actual, compensatory, consequential, and other damages, including pre- and post-judgment interest thereon at the highest lawful rate, suffered as a result of Counter-Defendants' violations of Cal. Bus. & Prof. Code § 17200, in an amount to be proven at trial;

E. Award Plaintiff its damages in connection with Defendants' unfair and illegal acts to disrupt Plaintiff's business;

F. Award Plaintiff its costs and expenses incurred in this action;

G. Declare that this case is exceptional and award Plaintiff its costs and attorneys' fees incurred in this action; and

H. Grant Plaintiff such other and further relief as this Court may deem just and proper.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 7th day of December, 2020.

**OMNI LEGAL GROUP**

Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
Cove USA LLC