Imran F. Vakil, Esq. (Bar No. 248859)
ivakil@nexiolaw.com
Randal Robinson (Bar No. 327417)
rrobinson@nexiolaw.com
**NEXIO, PC**
18012 Cowan, Suite 200
Irvine, California 92614
Phone:      (949) 478-6830
Facsimile: (949) 478-1275

*Attorneys for Defendant/Counterclaimant,*
*No Bad Days Enterprises, Inc.*
*and Defendant Scott Sample*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>NO BAD DAYS ENTERPRISES, INC.;<br>SCOTT SAMPLE; and DOES 1-10,<br><br>          Defendants. | Case No. 8:20-cv-02314-JLS-KES<br><br>**[PROPOSED] ORDER GRANTING COUNTERCLAIMANT'S MOTION FOR PRELIMINARY INJUNCTION** |
| NO BAD DAYS ENTERPRISES, INC.<br><br>          Counterclaimant,<br><br>v.<br><br>COVE USA, LLC; SEAN ARCHER<br>TODD; and ROES 1-10 INCLUSIVE,<br><br>          Counterdefendants. | |

1   This matter is before the Court on Counterclaimant No Bad Days Enterprises, Inc.
2   ("NBD") Motion for Preliminary Injunction against Counterdefendants Cove USA, LLC
3   ("Cove USA") and Sean Archer Todd ("Todd") (collectively, Cove USA and Todd are
4   referred to herein as "Cove"). Having reviewed the Motion, supporting and opposing
5   memoranda and supporting affidavits/declarations and exhibits submitted by the parties,
6   and the oral argument of counsel, the Court finds and concludes as follows:

7       1. NBD is likely to succeed on the merits of its trademark infringement claims
8   against Cove.

9       2. There is a strong possibility that NBD will suffer irreparable harm if the
10  preliminary injunction is not issued. Given the actual and likely confusion between (a)
11  NBD's NO BAD DAYS® clothing and decals and (b) Cove's NO BAD DAYS clothing
12  and decals (the "Accused Products"), NBD is likely to be irreparably harmed through loss
13  of goodwill and reputation.

14      3. Moreover, Cove's NO BAD DAYS clothing and decals products have been on the
15  market for a relatively short period, and Cove could make changes to its product name and
16  packaging to prevent consumer confusion.

17      4. Accordingly, it would be less of a hardship on Cove to change its product design
18  than NBD would suffer if the Court were to deny the motion.

19      Based upon the findings of this Court, the materials submitted by the parties, the
20  arguments of counsel, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and
21  good cause appearing,

22  **IT IS HEREBY ORDERED THAT:**

23  1. Until the conclusion of this litigation or further order of the Court, Cove and each of its
24      respective officers, directors, partners, employees, agents, representatives, and
25      attorneys, and anyone acting in concert or participation with them, including, but not
26      limited to their distributors and retailers, are PRELIMINARILY ENJOINED from:
27          a.  using the NO BAD DAYS trademark, or any other mark confusingly similar to
28              NBD's marks alone or in combination with other words, as a trademark, trade

2

name, component or otherwise, to market, promote advertise or identify Cove's goods or services;

b. using the designations NO BAD DAYS or any colorable imitation thereof upon any product or on Cove's products, websites, social media, advertising or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols, devices as a trademark in connection with clothing or decal products;

c. using photographs of NBD's products bearing the NO BAD DAYS or any colorable imitation thereof on Cove's websites, social media, advertising or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols, or marks;

d. holding itself out as the owner of, or a company authorized to use, as part of its name, NBD's trademarks, or a name confusingly similar thereto as a trademark or trade name;

e. using any words, names, styles, titles, hashtags or marks which create a likelihood of injury to the business reputation of NBD, or a likelihood of misappropriation or dilution of NBD's trademarks and the goodwill associated therewith, including but not limited to the term "NO BAD DAYS"; and

f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (e) of this Paragraph 1.

2. Cove and all persons, firms and corporations in concert or participation with each of them, as identified in Paragraph 1 above, shall be directed and required to file with this Court and serve upon NBD within 30 days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Cove has complied with the injunction and ceased all offering of products under the allegedly infringing NO BAD DAYS trademark confusingly similar to NBD's NO BAD DAYS trademarks, as set forth above.

3

**[PROPOSED] ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS SO ORDERED.**

Dated: _____

By: _____
Hon. Josephine L. Staton
United States District Judge

**[PROPOSED] ORDER**