Michaela Battista Sozio, Esq., SBN 179148
msozio@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants
No Bad Days Enterprises, Inc. and Scott Sample

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

COVE USA LLC, a California limited liability company,

Plaintiff,

v.

NO BAD DAYS ENTERPRISES INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 8:20-cv-02314-JLS-KES

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LARA A. PETERSEN**

Date: June 25, 2021
Time: 10:30 a.m.
Courtroom: 10A

Complaint Filed: December 7, 2020

Defendants No Bad Days Enterprises, Inc. ("NBD") and Scott Sample ("Sample") (jointly, "Defendants") herewith submit the following evidentiary objections to the Declaration of Lara A. Petersen ("Petersen Declaration") submitted in Support of Plaintiff Cove USA LLC's ("Plaintiff" or "Cove") Opposition to Defendants' Motion to Dismiss and/or Strike the Complaint ("Opposition").

**OBJECTION NO. 1**

**Evidence Objected To:** Petersen Declaration, ¶3: "Defendants allege ownership of multiple U.S. trademark registrations for the mark, "NO BAD DAYS." *See* Dkt. 23, ¶ 14, Ex. A. Notably, many of the products for which Defendants allege use of this mark do not appear to be offered for sale anywhere by Defendants. In particular, nowhere do Defendants appear to offer for sale cups, mugs, vodka, whiskey, wine, beer, or lager, as alleged in Defendants' registrations."

**Grounds for Objection:** Lack of relevance. The statement is plainly immaterial to any issue in Defendants' Motion. [Fed.R. Evid. 401]. The statement is nothing more than unsubstantiated argument rather than a statement of fact that is appropriate for a declaration. Improper opinion testimony of a lay witness [Fed. R. Evid. 701]. Lacks foundation – lack of personal knowledge [Fed. R. Evid. 602]. Improper legal conclusion.

**OBJECTION NO. 2**

**Evidence Objected To:** Petersen Declaration, ¶4: "During the prosecution of one of such trademark applications, Serial No. 88076747, Defendants submitted evidence of numerous instances where they accused third parties of infringing their alleged trademark. *See* **EXHIBIT A**. In some of these instances, Defendants compelled these third parties to enter into an agreement to license the mark, regardless of whether these third parties were making trademark use of the mark. Indeed, in many of these instances, the third parties were using the mark in an ornamental, non-trademark manner. In this manner, it appears Defendants primarily profit through these trolling activities rather than through actual, commercial use of their trademarks."

**Grounds for Objection:** Lack of relevance. The statement is plainly immaterial to any issue in Defendants' Motion. [Fed.R. Evid. 401]. The statement is

nothing more than unsubstantiated argument rather than a statement of fact that is appropriate for a declaration. Improper opinion testimony of a lay witness [Fed. R. Evid. 701]. Lacks foundation – lack of personal knowledge [Fed. R. Evid. 602]. Improper legal conclusion.

**OBJECTION NO. 3**

**Evidence Objected To:** Petersen Declaration, ¶5: "Due to Plaintiff's commercial success, Defendants have most recently targeted Plaintiff. Not only have Defendants filed numerous takedown notices against Plaintiff's Shopify storefront, on or around October 9, 2020, Defendants sent a cease-and-desist email to Plaintiff accusing various of Plaintiff's products ofinfringing Defendants' alleged trademark. This email came from the email licsning@nobaddays.com, suggesting a significant or primary aspect of Defendants' business comprises licensing their alleged trademarks."

**Grounds for Objection:** Lack of relevance. The statement is plainly immaterial to any issue in Defendants' Motion. [Fed.R. Evid. 401]. The statement is nothing more than unsubstantiated argument rather than a statement of fact that is appropriate for a declaration. Improper opinion testimony of a lay witness [Fed. R. Evid. 701]. Lacks foundation – lack of personal knowledge [Fed. R. Evid. 602]. Improper legal conclusion.

**OBJECTION NO. 4**

**Evidence Objected To:** Petersen Declaration, ¶6: After Plaintiff filed its Complaint, on or around April 28, 2021, Shopify notified Plaintiff that it is "no longer able to host [Plaintiff's] store, cove-usa.myshopify.com, or [Plaintiff's] custom domain, (www.coveusa.co), on [Shopify's] platform." The sole reason for this complete shutdown of Plaintiff's Shopify storefront was Defendants' repeated takedown notices."

/ / /

**Grounds for Objection:** Lack of relevance. The statement is plainly immaterial to any issue in Defendants' Motion. [Fed.R. Evid. 401]. The statement is nothing more than unsubstantiated argument rather than a statement of fact that is appropriate for a declaration. Improper opinion testimony of a lay witness [Fed. R. Evid. 701]. Lacks foundation – lack of personal knowledge [Fed. R. Evid. 602]. Improper legal conclusion.

**OBJECTION NO. 5**

**Evidence Objected To:** Petersen Declaration, ¶8: "In none of these communications did Defendants' counsel mention any grounds for dismissal based on preemption by the Digital Millennium Copyright Act (DMCA). Additionally, Defendants' counsel also failed to mention that it would seek dismissal of Plaintiff's fifth claim for relief for negligent interference with a prospective economic relations based on lack of a legal duty of care owed to Plaintiff by Defendants."

**Grounds for Objection:** The statement is nothing more than unsubstantiated argument rather than a statement of fact that is appropriate for a declaration. The claim that defendant failed to mention a motion for dismissal of Plaintiff's fifth claim for relief is inaccurate. Defendant mentioned the motion in both the January 4, 2021 letter requesting all claims be dismissed because of conclusory statements and, again in the meet in confer letter through the statement that plaintiff's claims three through six against defendant were privileged under *Noerr-Pennington* doctrine, and should thus be dismissed. The motions were both generally, if not specifically, referred to in the meet and confer letter. Plaintiff explicitly states the claim was discussed in his meet and confer letter labeled **Exhibit A** *(Docket 16-2)*. Improper opinion testimony of a lay witness [Fed. R. Evid. 701].

Defendants respectfully request that the Court sustain the above objections and strike the evidence referred to above.

Dated: June 4, 2021

TRESSLER LLP

By: /s/ Michaela Battista Sozio
Michaela Battista Sozio, Esq.
Attorneys for Defendants
No Bad Days Enterprises, Inc. and
Scott Sample

LA #4822-5265-4573 (443-340)

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, a copy of foregoing **DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LARA A. PETERSEN** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: June 4, 2021

TRESSLER LLP

By: /s/ Michaela Battista Sozio
Michaela Battista Sozio, Esq.
Attorneys for Defendants
No Bad Days Enterprises, Inc. and
Scott Sample