Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 400
Los Angeles, California 90067
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilegalgroup.com
ariana@omnilegalgroup.com
lara@omnilegalgroup.com

Attorneys for Plaintiff,
COVE USA LLC

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>NO BAD DAYS ENTERPRISES, INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 8:20-cv-02314-JLS-KES<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LARA A. PETERSEN**<br><br><br>Hearing Date: June 25, 2021<br>Hearing Time: 10:30 a.m. |
| NO BAD DAYS ENTERPRISES, INCORPORATED, a California corporation,<br><br>        Counterclaimant,<br><br>    vs.<br><br>COVE USA LLC, a California limited liability company; SEAN ARCHER TODD, an individual; and DOES 1-10, inclusive,<br><br>        Counterdefendants | *Hon. Josephine L. Staton* |

1

# I.   INTRODUCTION

Defendants No Bad Days Enterprises, Incorporated ("NBD") and Scott Sample ("Sample" and collectively, "Defendants") filed a Motion to Dismiss and/or Strike Complaint ("Motion") (Dkt. 16). In support of its Opposition to Defendants' Motion (Dkt. 33), Plaintiff Cove USA LLC ("Plaintiff") submitted a declaration of Lara A. Petersen ("Petersen Declaration"), counsel for Plaintiff. Petersen Declaration provides and describes various facts to support arguments asserted by Plaintiff in its Opposition.

Defendants filed evidentiary objections objecting to Paragraphs 3, 4, 5, 6, and 8 of Petersen Declaration. Largely, Defendants argued (1) lack of relevance; (2) improper opinion testimony of a lay person; (3) lack of personal knowledge; and (4) improper legal conclusion. In its Evidentiary Objections to Petersen Declaration, Defendants did not contest the substance of any of the information contained therein nor the documents attached thereto.

Defendants' objections are groundless. The declarant is familiar with the facts set forth in Petersen Declaration and is therefore competent to testify about them. The information provided – *e.g.,* that Defendants make a practice of making frivolous demands and filing improper takedown notices against third parties – is relevant to the pending motions. Specifically, this evidence demonstrates Defendants' lack of a good faith intention to bring a lawsuit against Plaintiff, which negates a number of the arguments submitted in Defendants' Motion. Notably, despite objecting to the majority (and essentially, the entire substance) of Petersen Declaration, Defendants failed to provide any counter evidence, much less authenticated counter evidence. Accordingly, Defendants' objections to Petersen Declaration should be overruled *in toto*.

# II.   ARGUMENT

Vague and generalized objections such as this can and should be rejected from

the outset. The moving party bears the burden of showing the inadmissibility of each statement in the declaration. *See Hardin v. Reliance Trust Co.*, 2006 WL 2850457, *1 (N.D. Ohio 2006). Objections should point specifically to the statements in a declaration that the movant asserts should be stricken and provide the specific reasons why. 10B C. Wright, A. Miller & M. Kane, Fed. Practice & Procedure ¶ 2738 (2010). Indeed, it should not be left to this Court to sift through Petersen Declaration and pick out portions that may be objectionable.

In this way, Defendants' objections constitute a wholesale onslaught, challenging essentially the entire substance of Petersen Declaration while offering no evidence to controvert any of the facts stated therein nor even arguing that such facts are untrue. Given the improper, generalized nature of Defendants' objections and its failure to contest or offer any opposing evidence regarding any fact stated in Petersen Declaration, the Court can and should overrule these objections.

### A.    Objection No. 1 – Petersen Declaration, ¶ 3

Defendants object to Paragraph 3 of Petersen Declaration on the grounds of relevance and improper opinion testimony. Pursuant to Fed. R. Evid. 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The statement of Paragraph 3 is relevant to Defendants' assertion that the conduct which provides the basis for Plaintiff's tortious interference and unfair competition claims is wholly protected by California's litigation privilege.

Paragraph 3 details Defendants' lack of use of the mark "NO BAD DAYS" in connection with certain of the goods provided in the trademark registrations cited in Defendants' Counterclaims (Dkt. 23). This statement is relevant to demonstrate how Defendants use these registrations as an anticompetitive weapon rather than for the intended purpose of trademarks. In its Motion to Dismiss and/or Strike, Defendants

claim that their takedown notices are protected under the California litigation privilege. *See* Dkt. 16, 12:4-6. However, in order to claim this privilege, the communication (here, takedown notices to Shopify) must relate "to a proceeding that is contemplated in good faith and under serious consideration." *Edwards v. Centex Real Estate Corp.*, 53 Cal.App.4th 15, 32 (1997). It remains Plaintiff's position that Defendants never seriously contemplated any court involvement in this matter but instead, filed these notices to Shopify in an attempt to wrongfully interfere with Plaintiff's business and/or compel Plaintiff to license Defendants' purported trademark. Thus, the statement of Paragraph 3 is highly relevant to Defendants' assertion of the California litigation privilege.

Defendants also assert that Paragraph 3 constitutes improper opinion testimony of a lay witness in that it is "nothing more than unsubstantiated argument rather than a statement of fact that is appropriate for a declaration." *See* Dkt. 37, 2:10-12. The statements of Paragraph 3 are factual and not opinion-based. Indeed, it is not a matter of opinion whether or not an entity, namely, Defendants, are actually offering for sale in commerce products under an alleged trademark.

In particular, it is factual that, as alleged in the Counterclaims, Defendants allege ownership of multiple trademark registrations for "NO BAD DAYS." *See* Dkt. 23, 16:12-28, 17:1-3, Ex. A. It is also factual that obtaining federal registration for a trademark requires a declaration under penalty of perjury that the mark is used in commerce in connection with the listed goods as of the date of first use so alleged. *See* TMEP § 1604.10. It is further factual that upon a search, the declarant was unable to find any use in commerce by Defendants of "NO BAD DAYS" in connection with cups, mugs, vodka, whiskey, wine, beer, or lager, as alleged in Defendants' registrations. As such, Paragraph 3 of Petersen Declaration does not violate Fed. R. Evid. 701.

Moreover, such statement stems from the declarant's personal knowledge

4

based on Defendants' filed Counterclaims and a general search of the marketplace. Finally, Defendants argue "[i]mproper legal conclusion without stating the nature of such "improper legal conclusion." Accordingly, Defendants' objection to Paragraph 3 of Petersen Declaration should be overruled.

### B.   Objection No. 2 – Petersen Declaration, ¶ 4

Defendants provide the same objections against Paragraph 4 of Petersen Declaration based on relevance and improper opinion testimony. Paragraph 4 sets forth the fact that Defendants submitted evidence of numerous instances in which they accused third parties of trademark infringement in connection with the prosecution of one of their trademark applications, and provides such submittals as an attachment. *See* Dkt. 33-1, ¶ 4, Ex. A.

Similar to the statement of Paragraph 3, Paragraph 4 is relevant to demonstrate that Defendants intended to improperly interfere with Plaintiff's business as Defendants have done to numerous third parties. This statement and the attached documentation evidences Defendants' practice of sending frivolous demand letters and filing takedown notices in an attempt to force third parties to settle and/or license Defendants' alleged trademark. In this manner, Paragraph 4 is relevant to demonstrate Defendants' lack of good faith intention to bring a lawsuit and that Defendants' takedown notices were instead aimed at inducing settlement of a claim. *See Edwards*, 53 Cal.App.4th at 35.

Similar to Paragraph 3 of Petersen Declaration, Paragraph 4 does not contain improper opinion testimony. It is no opinion that Defendants did indeed submit such enforcement evidence with one of their trademark applications, Serial No. 88076747. The statements that "the third parties were using the mark in an ornamental, non-trademark manner" and "Defendants primarily profit through these trolling activities" are inferences rationally based on the perception of the declarant. *See Cleveland v. Groceryworks.com, LLC*, 200 F.Supp.3d 924, 940 (N.D. Cal. 2016)

(citation omitted) ("inferences must be substantiated by specific facts, 'grounded in observation or other first-hand personal experience'").

Moreover, the declarant has personal knowledge based on a review of the documentation attached as Exhibit A to Petersen Declaration. *See* Fed. R. Evid. 601, notes of advisory committee on proposed rules (personal knowledge "may consist of what the witness thinks he knows from personal perception"); *see also Cleveland*, 200 F.Supp.3d at 940 ("[p]ersonal knowledge may include inferences and opinions"). Thus, this objection should also be overruled.

## C.     Objection No. 3 – Petersen Declaration, ¶ 5

Defendants also contend that Paragraph 5 lacks relevance and constitutes improper opinion testimony of a lay witness. *See* Dkt. 37, 3:14-19. To the contrary, Paragraph 5 comprises relevant facts and reasonable inferences drawn therefrom. Paragraph 5 sets forth the fact that Defendants targeted Plaintiff by filing numerous takedown notices against Plaintiff's Shopify storefront and then sent a cease-and-desist email to Plaintiff from the email licensing@nobaddays.com.

As with the above objections, Paragraph 5 is relevant to demonstrate that Defendants' cease-and-desist email and takedown notifications are more accurately characterized as "a negotiating tactic and not a serious proposal made in good faith contemplation of going to court." *See Edwards*, 53 Cal.App. 4th at 35. The fact that Defendants not only aggressively filed takedown notifications against Plaintiff's Shopify storefront, but also have a separate email handle for "licensing" suggests this is the case. As such, the California litigation privilege would not protect these communications, as argued by Defendants.

The vast majority of Paragraph 5 is purely factual and cannot reasonably be disputed by Defendants. Defendants did file numerous takedown notices against Plaintiff's products, as even alleged by Defendants, and Defendants did send a cease-and-desist email to Plaintiff, as also alleged by Defendants. *See* Dkt. 23, ¶ 23. Given

the fact that Defendants' email came from the address licensing@nobaddays.com, Plaintiff can rationally infer that "a significant or primary aspect of Defendants' business comprises licensing their alleged trademarks." If the opposite was the case, there would be no reason for Defendants to have the email address: ***licensing***@nobaddays.com. Therefore, the declarant properly stated this inference.

The declarant's personal knowledge are inferable from the facts stated in Petersen Declaration. Here, the declarant properly inferred that a "[primary or significant aspect of Defendants' business comprises licensing their alleged trademarks." That being the case, Objection No. 3 should similarly be overruled.

### D.    Objection No. 4 – Petersen Declaration, ¶ 6

Again, Defendants object to Paragraph 6 of Petersen Declaration on the grounds of relevance and improper opinion testimony. Paragraph 6 is highly relevant to the present Motion because the claims which Defendants are requesting be dismissed and/or stricken are centered around Defendants' improper takedown notices to Shopify. Paragraph 6 therefore lays out the fact that Shopify notified Plaintiff that it would no longer host Plaintiff's storefront on its platform. *See* Dkt. 33-1, ¶ 6. Paragraph 6 further explains that the complete shutdown of Plaintiff's Shopify storefront was due to Defendants' takedown notices. *Id.* It remains unclear how Defendants could plausibly contend such information is irrelevant to the present dispute.

In addition, there is no opinion provided in Paragraph 6. This paragraph implies that no other takedowns were filed against Plaintiff's Shopify storefront. It can therefore be reasonably concluded that Shopify's complete shutdown of its storefront was based on Defendants' takedown notifications. This is purely factual information which is relevant to issues centering around Defendants' takedown activity. For these reasons, this objection must be overruled.

### E.    Objection No. 5 – Petersen Declaration, ¶ 8

Defendants' objection to Paragraph 8 misinterprets the declarant's statement. In particular, Defendants assert that "[t]he claim that defendant failed to mention a motion for dismissal of Plaintiff's fifth claim for relief is inaccurate." *See* Dkt. 37, 4:16-18. In fact, at no point in Petersen Declaration did the declarant assert that Defendants' counsel failed to mention *any* grounds for dismissal of Plaintiff's fifth claim for relief. Rather, Plaintiff clearly stated that Defendants' counsel failed to mention seeking dismissal based on preemption by the Digital Millennium Copyright Act (DMCA) or lack of a legal duty of care owed to Plaintiff by Defendants. *See* Dkt. 33-1, ¶ 8. This statement does not constitute an opinion but rather, a fact based on the declarant's two phone conversations with Defendants' counsel and the letter transmitted by Defendants' counsel and attached as Exhibit A to Defendants' Motion. It is apparent from Defendants' letter that no mention of the DMCA nor dismissal based on lack of a legal duty of care was made. As a result, there is no basis to sustain this objection to Paragraph 8.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule each of Defendants' objections (Dkt. 37).

RESPECTFULLY SUBMITTED this 11th day of June, 2021.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
Cove USA LLC