UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                    Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Deborah Lewman | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                             Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 16)**

Before the Court is a Motion to Dismiss filed by Defendants No Bad Days Enterprises, Inc. ("No Bad Days") and Scott Sample.  (Mot., Doc. 16.)  Plaintiff Cove USA LLC ("Cove") opposed, and Defendants replied.  (Opp., Doc. 33; Reply, Doc. 36).[1]  For the following reasons, the Court GRANTS Defendants' Motion.

**I.       BACKGROUND**

Cove and No Bad Days are business competitors that sell beach-inspired clothing.  (Compl. ¶ 1, Doc. 1.)  Defendant No Bad Days is a California corporation with its principal place of business in Temecula, California, and Defendant Scott Sample is its manager and co-founder.  (*Id.* ¶¶ 5–6.)  Plaintiff Cove is a California corporation with its principal place of business in Irvine, California.  (*Id.* ¶ 4.)  Cove operates its main product store through Shopify, an e-commerce platform.  (*Id.* ¶ 20.)

Cove sells apparel incorporating "ubiquitous phrases together with beachy designs."  (*Id.* ¶ 21.)  For example, some of Cove's popular designs include "Respect the Sea," with a ship being taken over by an angry octopus, "Endless Summer," with a

---

[1] The Court took this matter under submission.  (Doc. 40.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                        Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

surfboard leaning against a van, and "Let's Get Hammered," with a hammerhead shark. (*Id.*; Ex. A to Compl.)  No Bad Days sells beach-inspired clothing that features the phrase, "No Bad Days."  (Compl. ¶ 1.)  Sample and No Bad Days hold a trademark registration in the phrase, issued in 2008, specifically covering clothing (hats, jackets, pants, shirts, shorts, sweaters, swimsuits, and t-shirts.)  (Trademark Registration, Robinson Decl. Ex. D, Doc. 16-2.)[2]

No later than October 2020, Cove began featuring the expression "No Bad Days" on some of its clothing.  (Compl. ¶ 22; Ex. B to Compl.)  On October 9, 2020, Sample emailed Cove, notifying Cove that certain of its products were infringing NBD's trademark.  (*Id.* ¶ 25.)  Cove responded by denying any trademark infringement and refusing to take down any of the Accused Products. (*Id.*)  NBD therefore submitted notices of infringement to Shopify.  (*Id.* ¶¶ 24, 26.)  Shopify removed the Accused Products from its platform.  (*Id.* ¶¶ 26, 58–60.)

On December 7, 2020, Cove filed this action asserting six claims against No Bad Days and Sample: (1) declaratory judgment of non-infringement of trademark; (2) declaratory judgment of non-infringement of copyright; (3) violation of Section 17200 of California's Unfair Competition Law (UCL); (4) intentional interference with prospective economic relations; (5) negligent interference with prospective economic relations; and (6) intentional interference with a contractual relationship.

Defendants moved to dismiss claims three through six on several grounds.  Because the Court determines the claims are barred by the first ground raised by No Bad Days—namely, California's anti-SLAPP statute—it does not reach the remaining grounds.

---

[2] The Court takes judicial notice of the federal trademark registration as a fact which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, No. C08-04397 WHA, 2008 WL 6742224, at *2 n.1 (N.D. Cal. Dec. 18, 2008) (granting request for judicial notice of trademark registrations printed from USPTO's website in support of motion to dismiss.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                                 Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al


### II.  **LEGAL STANDARD**

When exercising supplemental jurisdiction over state law claims, the Court applies California substantive law.  *See Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011).  California's anti-SLAPP Statute allows for pre-trial dismissal of "SLAPPs" ("Strategic Lawsuits against Public Participation").  Cal. Civ. Proc. Code § 425.16; *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).  The statute aims to identify, early in the litigation process, "meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."  *Metabolife*, 264 F.3d at 839.

"A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003).  First, the defendant must "make an initial prima facie showing that the plaintiff's suit arises from an act [by the defendant] in furtherance of the defendant's rights of petition or free speech."  *Id*. (citation omitted).  While California's anti-SLAPP Statute must be read broadly, the California Supreme Court has recognized that the "'arising from' requirement is not always easily met.'"  *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 66, 124 Cal. Rptr. 2d 507, 52 P.3d 685 (2002). As § 425.16 provides:

> [An] act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or (4) any other conduct in furtherance of the exercise of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                                 Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e) (internal quotation marks omitted).

"[T]he mere fact [that a claim] was filed after protected activity took place does not mean it arose from that activity." *Id*.; *see also City of Cotati v. Cashman*, 29 Cal. 4th 69, 76-77, 124 Cal. Rptr. 2d 519, 52 P.3d 695 (2002).  Instead, the Court's focus is on "the principal [sic] thrust or gravamen of the causes of action, i.e., the allegedly wrongful and injury-producing conduct that provides the foundation for the claims." *Castleman v. Sagaser*, 216 Cal. App. 4th 481, 490-91, 156 Cal. Rptr. 3d 492 (2013) (citing *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal. App. 4th 1264, 1272, 99 Cal. Rptr. 3d 805 (2009)).

Where a defendant makes the required prima facie showing, the Court proceeds to the second step of the anti-SLAPP analysis. *Vess*, 317 F.3d at 1110.  In this second step "the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id*.  In other words, the plaintiff must demonstrate that the challenged claims are "legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by plaintiff is credited." *Metabolife*, 264 F.3d at 840 (quoting *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 823, 33 Cal. Rptr. 2d 446 (1994)) (internal quotation marks omitted); *see also DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013 (9th Cir. 2013).

"Anti-SLAPP motions are hybrids of motions to dismiss and motions for summary judgment." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 836 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018), *and cert. denied sub nom*. *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am*., 139 S. Ct. 1446, 203 L. Ed. 2d 681 (2019) (Gould, J., concurring).  "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id*. at 834.  "On the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard [applies]." *Id*.  In analyzing factual sufficiency, courts consider the pleadings and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                         Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

supporting and opposing affidavits, but do not make credibility determinations or compare the weight of the evidence.  *Flatley v. Mauro*, 39 Cal. 4th 299, 326, 46 Cal. Rptr. 3d 606, 139 P.3d 2 (2006).  Instead, courts accept as true the admissible evidence favorable to the plaintiff.  *Id*.; *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 967 (N.D. Cal. 2013) *aff'd*, No. 13-16110, 609 Fed. Appx. 497, 2015 WL 4187861 (9th Cir. July 13, 2015) ("Evidence must be admissible and is not weighed by the Court, but presumed true if in favor of the plaintiff.").  "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute."  *Navellier v. Sletten*, 29 Cal. 4th 82, 89, 124 Cal. Rptr. 2d 530, 52 P.3d 703 (2002) (emphasis omitted).

## III.  **DISCUSSION**

Defendants move to strike, under California's anti-SLAPP statute, Plaintiff's claims for (1) violation of Section 17200 of California's Unfair Competition Law (UCL); (2) intentional interference with prospective economic relations; (3) negligent interference with prospective economic relations; and (4) intentional interference with a contractual relationship (the "State Law Claims").[3]

### A.     **Whether the State Law Claims Concern Protected Activity**

Plaintiff does not dispute that each of its State Law Claims are predicated on the allegations that Defendant sent takedown notices to Shopify concerning the allegedly infringing products.  (Opp. at 9 ("[T]he third through sixth causes of action in the Complaint center around Defendants' Shopify takedown notices based on Plaintiff's

---

[3]  Although Defendants frame this as a motion to *dismiss* pursuant to California's anti-SLAPP statute, the Court construes it as a motion to *strike* under the anti-SLAPP statute.

**CIVIL MINUTES – GENERAL**                                                                                                 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                     Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

conduct that clearly does not infringe any of Defendants' alleged trademark rights[.]"); *see also* Compl. ¶¶ 37–62.)

The California Supreme Court has held that "communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within" the broad ambit of and entitled to protection under § 425.16. *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115, 81 Cal. Rptr. 2d 471, 969 P.2d 564 (1999). Such a statement "is made in connection with an issue under judicial review [and falls under § 426.16(e)(2)] 'if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation.'" *GWS Techs., Inc. v. Furth*, No. SACV 08-00586-CJC (PLAx), 2010 U.S. Dist. LEXIS 148908, 2010 WL 11520562, at *2 (C.D. Cal. Mar. 25, 2010) (citing *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1266, 73 Cal. Rptr. 3d 383 (Cal. Ct. App. 2008)).

Here, Plaintiff's State Law Claims are entirely predicated on Defendants' communications to Shopify identifying certain Cove product listings as infringing on Defendants' trademark. (Compl. ¶¶ 37–62.)  While the exact language of these communications is not in the record, there is no dispute that these communications "relate to the substantive issues of the litigation"; Plaintiff's declaratory judgment claims are based on the assertion that the Accused Products do *not* infringe Defendants' trademark. (Compl. ¶¶ 29–36.)  Further, the communications were made to a party with an interest in this litigation, "as this dispute concerns the propriety of activity that [Shopify] facilitates on its . . . marketplace platform." *TP Link United States Corp. v. Careful Shopper LLC*, No. 8:19-cv-00082-JLS-KES, 2020 U.S. Dist. LEXIS 104065, at *18 (C.D. Cal. Mar. 23, 2020); *see also GWS Techs., Inc. v. Furth*, No. SACV 08-00586-CJC-PLAx, 2010 WL 11520562, at *3 (C.D. Cal. Mar. 25, 2010) ("The recipients of the information need not be potential parties to the litigation; it is enough that they may be 'unwitting participants' in the alleged misconduct.")

As numerous courts, including this one, have held, such communications constitute pre-litigation conduct falling within the anti-SLAPP statute. *See, e.g.*, *Careful Shopper*, 2020 U.S. Dist. LEXIS 104065, at *18 (concluding that complaints submitted to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                  Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Amazon identifying allegedly counterfeit products were "related to the substantive issues of this litigation" and "clearly made to a party with an interest in the this litigation," thus constituting "protected activity" within the meaning of § 425.16); *Fitbit, Inc. v. Laguna 2, LLC*, No. 17-CV-00079-EMC, 2018 WL 306724, at *3 (N.D. Cal. Jan. 5, 2018) (concluding that Fitbit's act of writing a letter to Groupon based on the defendants' sale of allegedly "stolen" or "counterfeit" goods was protective activity under the anti-SLAPP statute); *Sparrow LLC v. Lora*, No. CV-14-1188-MWF (JCX), 2014 WL 12573525, at *4 (C.D. Cal. Dec. 4, 2014) (concluding that "letters to and communications with companies doing business or contemplating business with Defendants and relating to the alleged infringement of Plaintiff's intellectual property that form the basis of the present litigation, were protected activities covered by the Anti-SLAPP statute").

   Plaintiff attempts to distinguish this Court's decision in *Careful Shopper* on two grounds.  First, Plaintiff argues that, in *Careful Shopper*, there was no dispute that the accused infringer was selling TP-Link® branded products because the seller had purchased TP-Link® products for resale.  (Opp. at 9–10.)  Here, in contrast, Plaintiff disputes that its products infringe Defendants' trademark, arguing that "Plaintiff is merely using a ubiquitous phrase on some of its apparel and is doing so in an ornamental fashion."  (Opp. at 10.)  Plaintiff cites to no authority in support of its assertion that there must be undisputed infringement for the pre-litigation activity to be protected under the anti-SLAPP statute.  As explained above, it is enough that Defendants' pre-litigation communications related to the substantive issues in the litigation and were directed to persons having some interest in the litigation.  Plaintiff cannot seek to limit the anti-SLAPP statute solely to undisputed claims of infringement.  Second, Plaintiff argues that in *Careful Shopper*, it was the trademark owner who initiated the lawsuit (and the Court struck the defendant infringer's tort counterclaims), whereas here, Plaintiff—the alleged infringer—initiated the lawsuit. (Opp. 10.)  Plaintiff further argues that "Defendants appeared intent on improperly interfering with Plaintiff's business rather than actually resolving this dispute through the initiation of litigation." (*Id.*)  Again, this distinction is unpersuasive.  Communications made to enforce intellectual property rights, such as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                      Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

ones at issue here, are protected by the anti-SLAPP statute even if the alleged infringer initiated the lawsuit.  *See, e.g.*, *Thimes Sols. Inc. v. TP Link USA Corp.*, No. CV 19-10374 PA (EX), 2020 WL 4353681, at *6 (C.D. Cal. June 8, 2020) ("The essence of Plaintiff's claims is that Defendants wrongly complained to Amazon that Plaintiff was selling counterfeit TP Link products. Thus, the substance of Defendant's complaints—which state that Plaintiff was selling counterfeit goods—is unequivocally related to the substantive issues of this litigation.  Moreover, Defendants directed their communications to Amazon, who is a party with an interest in this litigation because this case concerns activity that Amazon facilitates on its marketplace platform.")

     Accordingly, the Court concludes that Defendants' communications to Shopify constitute protected activity under the anti-SLAPP statute.

### B.      Probability of Success on the Merits of the State Law Claims

     Defendants' prima facie showing that Plaintiff's claims arise from acts within the coverage of § 425.16 shifts the burden to Plaintiff to demonstrate a probability of success on the challenged State Law Claims.

     The elements of a claim for intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1153 (2003) (internal quotation marks omitted).  The tort of negligent interference with prospective economic advantage has the same elements, but Defendants' conduct must be merely negligent, not intentional.  *Damabeh v. 7-Eleven, Inc*., No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *9 (N.D. Cal. May 8, 2013).  The elements of a claim for intentional interference with contractual relations are: "(1) a valid contract between plaintiff and a third party; (2) defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                  Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998).  Finally, Plaintiff's UCL claim is derivative of the claims that Defendants "maliciously disrupted Plaintiff's business by filing fraudulent complaints against Plaintiff's product listings." (Compl. ¶¶37–42; Opp. at 9.)

      Defendants argue that these claims fail because they are barred by California's litigation privilege.[4]  California's litigation privilege, embodied in California Civil Code § 47(b), "afford[s] litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Flatley v. Mauro*, 39 Cal. 4th 299, 321, 139 P.3d 2, 16 (2006).  It plays a key role in ensuring that the channels used to "investigate and remedy wrongdoing" remain open and unimpeded.  *Kashian v. Harriman*, 98 Cal. App. 4th 892, 926, 120 Cal. Rptr. 2d 576 (2002) (discussing *Williams v. Taylor*, 129 Cal. App. 3d 745, 754, 181 Cal. Rptr. 423 (Ct. App. 1982)).  "Although originally enacted with reference to defamation, the privilege is [given a broad application and] now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *Silberg v. Anderson*, 50 Cal. 3d 205, 212, 266 Cal. Rptr. 638, 786 P.2d 365 (1990) (internal citations omitted).  "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* (collecting cases).  "Thus, communications with some relation to judicial proceedings are absolutely immune from tort liability by the litigation privilege." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 3d 516, 128 P.3d 713 (2006).  "It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or

---

[4] Defendants additionally argue that these claims fail for other reasons, but because the Court agrees that the claims are barred by the litigation privilege, it declines to address Defendants' additional arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES                          Date: July 02, 2021
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

afterwards." *Id.* Additionally, it is applicable to communications between private parties. *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 781-83, 54 Cal. Rptr. 2d 830 (1996). While the coverage of the § 47(b) litigation privilege is not co-terminus with that of the anti-SLAPP statute, courts recognize that they often serve interrelated purposes, and the litigation privilege is a helpful aid in determining the scope of the protection offered under § 425.16(e)(1), (e)(2). *Neville*, 160 Cal. App. 4th at 1263; *Elite Aviation, LLC v. JetCard PLUS, Inc.*, No. B222459, 2011 Cal. App. Unpub. LEXIS 8088, 2011 WL 5042111, at *4 (Cal. Ct. App. Oct. 25, 2011). "The litigation privilege is also relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." *Flatley*, 39 Cal. 4th at 323.

       As noted above, each of Plaintiff's claims are predicated on the alleged communications from Defendants to Shopify identifying certain Cove product listings as infringing Defendants' trademark. And as explained in the first step of the Court's anti-SLAPP analysis, "the challenged communications are sufficiently related to this litigation to fall within the coverage of California's litigation privilege." *Careful Shopper*, 2020 U.S. Dist. LEXIS 104065, at *22 (applying litigation privilege to bar counterclaims of interference with prospective economic advantage and trade libel arising out of similar pre-litigation communications); *Fitbit*, 2018 WL 306724, at *9 (applying litigation privilege as a bar to similar counterclaims arising out of pre-litigation communications); *Sparrow*, 2014 WL 12573525, at *6 (same); *Thimes*, 2020 WL 4353681, at *7 (same).

       In its Opposition, Plaintiff argues that the litigation privilege does not apply here because Defendants filed the take-down notices in bad faith and had no intention of commencing a judicial proceeding. (Opp. at 11–12.) "However, as an 'absolute' privilege, California's litigation privilege is not subject to qualification based upon the subjective motives or alleged bad faith of a party making a challenged communication." *Careful Shopper*, 2020 U.S. Dist. LEXIS 104065, at *23 (citing *Mansell v. Otto*, 108 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                    Date: July 02, 2021
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

App. 4th 265, 277 n.47, 133 Cal. Rptr. 2d 276 (2003) (discussing numerous cases that demonstrate "the presence or absence of malice or good or bad faith is irrelevant to the inquiry whether the litigation privilege is applicable")).  "Even fraudulent, deliberately false, or other types of tortious communication *must* be susceptible to coverage by the litigation privilege; if that were not true, the privilege would be unable to achieve its purpose of ensuring that fear of being subjected to derivative tort suits does not prevent open communication and the 'utmost freedom of access to the courts' and other channels of redress."  *Id.* (quoting *Kashian*, 98 Cal. App. 4th at 926–27); *see also Thimes*, 2020 WL 4353681, at *7 ("Plaintiff argues that Defendants' communications to Amazon were made in bad faith, but this does not change the Court's analysis.  California's litigation privilege is an 'absolute' privilege; it is not subject to qualification based upon the subjective motives or alleged bad faith of a party making a challenged communication.")

Because Plaintiff has failed to demonstrate the necessary probability of success on their State Law Claims, the Court GRANTS Defendants' Motion to strike these claims pursuant to California's anti-SLAPP statute, and STRIKES Plaintiff's third through sixth causes of action.

### C.     Leave to Amend and Attorneys' Fees

Typically, granting a motion to strike claims from a pleading without granting leave to amend would "directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment."  *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("We consistently have held that leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'")  "However, the Court has found the [State Law Claims] deficient not on the basis of inadequate pleading, which could be remedied by amendment, but on the basis that they are barred by the litigation privilege.  Absent pleading entirely new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES                                Date: July 02, 2021
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

[claims] premised on entirely different allegations, [Plaintiff] cannot possibly remedy [its] claims." *Microsoft Corp. v. M. Media*, No. CV-17-347-MWF (AJWX), 2018 WL 5094969, at *7 (C.D. Cal. Mar. 13, 2018). Accordingly, the Court declines to grant Plaintiff leave to amend its third through sixth claims. *See id.*; *Careful Shopper*, 2020 U.S. Dist. LEXIS 104065, at *25–26; *Century Sur. Co. v. Prince*, 782 F. App'x 553, 557 (9th Cir. 2019).

      As Defendants note, a party that succeeds in bringing a special anti-SLAPP motion to strike claims asserted against it is entitled to recover the attorney's fees and costs associated with bringing that motion. Cal. Civ. Proc. Code § 425.16(c)(1). Further, the Ninth Circuit has held that the California anti-SLAPP statute's fee-shifting provision is operative in federal court. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). Defendants may seek those fees in a properly noticed motion, filed in accordance with this Court's procedures.[5]

### IV.   CONCLUSION

      For the above reasons, Defendant's Motion to Strike Plaintiff's third, fourth, fifth, and sixth claims is GRANTED.

      Within **twenty-eight days (28)** of the date of this Order, Defendants may submit a motion seeking fees under California's anti-SLAPP statute, noticed for the first available hearing date on the Court's calendar. Any opposition and reply briefs are due in accordance with Local Rules 7-10 and 7-11.

                                                           Initials of Deputy Clerk: djl

---

[5] *See* Honorable Josephine L. Staton Procedures Page ¶ 26, *available at* http://www.cacd.uscourts.gov/honorable-josephine-1-staton.