Michaela Battista Sozio, Esq., SBN 179148
msozio@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants
No Bad Days Enterprises, Inc. and Scott Sample

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA LLC, a California limited liability company, | Case No. 8:20-cv-02314-JLS-KES |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE OF CIV. PROC. § 425.16(C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| NO BAD DAYS ENTERPRISES INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive, | |
| Defendants. | Date:        January 22, 2022<br>Time:        10:30 a.m.<br>Courtroom.:  10A |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 21, 2022, at 10:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10A of the United States District Court for the Central District of California, located at 411 W. Fourth Street, Santa Ana, California 92701, before the Honorable Josephine L. Staton, Defendants No Bad Days Enterprises, Inc. ("NBD") and Scott Sample ("Sample"), (together, "Defendants") will and hereby does move for attorneys' fees and costs pursuant to California Code of Civil Procedure § 425.16 ("the Anti-SLAPP Statute"). The prevailing party on an anti-SLAPP motion may recover attorney's fees and costs "as a matter of right." *Morrow v. L.A. Unified School Dist.*, 149 Cal. App. 4th 1424, 1446 (2007) (citing Cal. Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal 4th 1122, 1131 (2002)). Thus, because Defendants prevailed on its special motions to strike, it is entitled to mandatory attorney's fees and costs under subdivision (c) of the Anti-SLAPP Statute.

Defendants seek and are entitled to attorneys' fees and costs under subdivision (c) of the Anti-SLAPP statute totaling $25,757.50 for (1) in the sum of $ 22,607.50, which represents the reasonable amount of attorneys' fees and costs incurred by both sets of Defendants' attorneys in connection with their Anti-SLAPP Motion, and (2) the attorneys' fees and costs incurred by Defendants in connection with this Motion and anticipated to be incurred by Defendants in preparing a Reply brief and preparing for and appearing at the hearing on this Motion, which is estimated to be $3,150.00.

Defendants' request is reasonable as Defendants obtained an Order striking Plaintiff's third, fourth, fifth and sixth causes of action against them.  To do so, Defendants reasonably retained skilled and experienced lawyers who dedicated time to their defense that was reasonable in light of Plaintiff's claims, the complexity of the case, and the result.

/ / /

1   This Motion is based on this Notice of Motion, Memorandum of Points and

2   Authorities in support thereof, Defendants' anticipated Reply, the Declarations of

3   Imran F. Vakil and Michaela Sozio in support and exhibits thereto, the Court's

4   records and files in this Action, and all other evidence and argument that the Court

5   may receive in advance of or at the hearing on this Motion.

6

7   Dated:  July 30, 2021                    TRESSLER LLP

8

9                                     By:  __/s/ *Michaela Battista Sozio*___

10                                          Michaela Battista Sozio, Esq.
                                           Attorneys for Defendants
11                                          No Bad Days Enterprises, Inc. and
                                           Scott Sample
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This Action arises out of a dispute between two competitors and Plaintiff's attempt to pursue claims in retribution against Defendants No Bad Days Enterprises, Inc. ("NBD") and Scott Sample ("Sample") (together, "Defendants") for Defendants' efforts to protect their trademark.

NBD and Plaintiff Cove USA LLC ("Plaintiff") are business competitors that both offer beach-inspired clothing. NBD's clothing prominently features the phrase "NO BAD DAYS," (the "Mark"), a recognizable mark for which NBD holds no less than six active Federal trademark registrations, including an incontestable registration issued in 2008 specifically covering clothing.

Plaintiff began selling clothing, primarily through Shopify, which features the "NO BAD DAYS" Mark in or before October 2020. On or about October 9, 2020, Defendants emailed Plaintiff, notifying Plaintiff that certain of its products were infringing NBD's Mark. Plaintiff responded by rejecting Defendants' position and denying any infringement. In light of Plaintiff's position and its refusal to voluntarily remove the infringing articles, NBD submitted notice of infringement to Shopify, alerting Shopify to the dispute. Pursuant to Shopify's terms of use, Shopify removed the accused products from its platform.

Plaintiff filed this action shortly thereafter, asserting a declaratory relief action and also asserting multiple claims based on California state law which are all predicated upon Defendants' "takedown" notices.  Defendants filed a motion to strike Plaintiff's third, fourth, fifth, and sixth causes of action on the grounds that these claims are barred by California's anti-SLAPP statute. This Court agreed, granting the motion to strike the state-based causes of action for unfair competition/violations of Business & Professions Code §17200, intentional interference with prospective

1  economic relations, negligent interference with prospective economic relations, and
2  intentional interference with a contractual relationship against Defendants.

3      Defendants now move to recover their attorneys' fees of 25,757.50 which
4  represents (1) the sum of $ 22,607.50, which is the reasonable amount of attorneys'
5  fees and costs incurred by both sets of Defendants' attorneys in connection with their
6  Anti-SLAPP Motion, and (2) the attorneys' fees and costs incurred by Defendants in
7  connection with this Motion and anticipated to be incurred by Defendants in
8  preparing a Reply brief and preparing for and appearing at the hearing on this
9  Motion, which is estimated to be $3,150.00.

10      This motion should be granted for several reasons. *First*, Defendants are
11  entitled to **mandatory** attorney's fees and costs under subdivision (c) of the Anti-
12  SLAPP Statute. *Second*, Defendants requested hourly rates for both sets of attorneys
13  are reasonable. *Third*, Defendants should be fully compensated for the time both sets
14  of attorneys spent on preparation of the motion to dismiss/strike, the Reply to
15  Plaintiff's Opposition, and any related time spent. The Court should fully compensate
16  the attorneys' fees incurred unless a downward adjustment would harmonize the
17  award with the results obtained or is permitted on some other grounds. *See Hensley v.*
18  *Eckerhart*, 461 U.S. 424, 435 (1983); *see also Mann v. Quality Old Time Service,*
19  *Inc.*, 139 Cal. App. 4th 328, 343 (2006) (applying *Hensley* framework to an anti-
20  SLAPP motion for attorney's fees); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App.
21  4th 993, 1018 (2001) (confirming that Anti-SLAPP Statute's fee-shifting provision is
22  "analogous to the rule followed in cases arising under" 42 U.S.C. § 1988,
23  emphasizing that both SLAPP defendants and civil rights plaintiffs "enjoy the same
24  preference for fees if they are successful," and noting that section 1988 cases are
25  "particularly helpful" in applying the Anti-SLAPP Statute as a result). Here, the
26  Court should fully compensate Defendants. *Finally*, Defendants' total requested
27  award of $25,757.50 is reasonable.

28

2

DEFENDANTS' NOTICE OF MOTION MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 8:20-cv-02314-JLS-KES

Accordingly, Defendants' motion should be granted in the amount requested.

## II.     STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

### A. The Parties

As alleged in the Complaint, NBD and Plaintiff are business competitors that both offer beach-inspired clothing. [Complaint, Dkt. 1]. NBD's clothing prominently features the phrase "NO BAD DAYS," (the "Mark"), a recognizable mark for which NBD holds no less than six active Federal trademark registrations, including an incontestable registration issued in 2008 specifically covering clothing. [Request for Judicial Notice, Dkt. 17].

### B. Plaintiff Sues NDB and Sample Based on Meritless Allegations

No later than October 2020, Plaintiff also began selling clothing which features the "NO BAD DAYS" Mark. (Comp. ¶ 22). Plaintiff primarily sells its goods through Shopify, a third-party, e-commerce platform. (Comp. ¶ 20).

On or about October 9, 2020, Defendants emailed Plaintiff, notifying Plaintiff that certain of its products were infringing NBD's Mark. (Comp. ¶ 25). Plaintiff responded by rejecting Defendants' position and denying any infringement. *Id.* In light of Plaintiff's position and its refusal to voluntarily remove the infringing articles, NBD submitted notices of infringement to Shopify, alerting Shopify to the dispute. Pursuant to Shopify's terms of use, Shopify removed the accused products from its platform. (Comp. ¶¶ 26, 58-60). Shortly thereafter, on or about December 7, 2020, Plaintiff filed this action asserting causes of action for: (1) declaratory judgment of non-infringement of trademark; (2) declaratory judgment of non-infringement of copyright; (3) unfair competition under California Business & Professions Code §17200; (4) intentional interference with prospective economic relations; (5) negligent interference with prospective economic relations; and (6) intentional interference with contractual relationship. [Dkt. 1]

1     Here, Defendants followed the proper procedures to alert an online retailer that

2  Plaintiff was infringing Defendants' intellectual property. Plaintiff, however, filed its

3  Complaint in retribution. In addition to seeking declaratory judgment as to the

4  Parties' respective rights as to NBD's Mark, but Plaintiff asserted a number of utterly

5  specious tort and unfair competition claims under California law, all predicated

6  entirely on Defendants' "takedown" notices.

7     Defendants proceeded to file a Motion to Strike/Dismiss the state-based claims

8  from the Complaint. [Dkt. 16].

9  **III.    THIS COURT GRANTS DEFENDANTS' ANTI-SLAPP MOTION**

10     After taking the Motion under submission [Dkt. 40], the Court granted the

11  Anti-SLAPP Motion as to Plaintiff's four state law claims.  [Dkt. 41]. The Court

12  recognized that each of Plaintiff's state law claims were "predicated on the alleged

13  communications from Defendants to Shopify identifying certain Cove product

14  listings as infringing Defendants' trademark. And as explained in the first step of the

15  Curt's anti-SLAPP analysis, 'the challenged communications are sufficiently related

16  to this litigation to fall within the scope of California's litigation privilege'." [Dkt. 41

17  at pg. 10, citations omitted].  The Court further went on to indicate that "[b]ecause

18  Plaintiff has failed to demonstrate the necessary probability of success on their State

19  Law Claims, the Court GRANTS Defendants' Motion to Strike their claims pursuant

20  to California's anti-SLAPP statute, and STRIKE Plaintiff's third through sixth causes

21  of action." [Dkt. 41 at pg. 11].  The Court denied Plaintiff leave to amend.

22     In sum, the Court dismissed the causes of action for: (1) unfair competition

23  under California Business & Professions Code §17200; (2) intentional interference

24  with prospective economic relations; (3) negligent interference with prospective

25  economic relations; and (4) intentional interference with contractual relationship.

26     Lastly, and most importantly for purposes of this motion, the Court ruled that

27  "Defendants may submit a motion seeking fees under California's anti-SLAPP

28

4

DEFENDANTS' NOTICE OF MOTION MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 8:20-CV-02314-JLS-KES

statute." [Dkt. 41, pg. 12].  Accordingly, Defendants now moves for its attorney's fees under subdivision (c) of the Anti-SLAPP Statute.

## IV.   ARGUMENT

### A.  LEGAL STANDARD

#### 1.  Fee Shifting is Mandatory

The prevailing party on an anti-SLAPP motion may recover attorney's fees and costs "as a matter of right." *Morrow v. L.A. Unified School Dist.*, 149 Cal. App. 4th 1424, 1446 (2007) (citing Cal. Code Civ. Proc. § 425.16(c); *Ketchum v. Moses*, 24 Cal 4th 1122, 1131 (2002)).

California Code of Civil Procedure § 425.16(c) provides that "prevailing defendant[s] on a special motion to strike <u>*shall*</u> be entitled to recover his or her attorney's fees and costs." (emphasis added). As this Court previously granted Defendants' Anti-SLAPP motion and because subsection (c) of the Anti-SLAPP Statute mandates a fee award to successful defendants, the only issue before this Court is the amount of fees that Defendants should be awarded. See, e.g., *Church of Scientology v. Wollershein,* 42 Cal.App.4th 628, 658-59 (1996), disapproved on other grounds in *Equilolz Eizterprises v. Consunzer Cause, Inc.* 29 Cal.4th 53, 68 n.5 (2002).

#### 2.  Defendants' Attorneys' Fees Are Reasonable

"District courts typically employ the 'lodestar method' to calculate the appropriate amount of attorneys' fees." *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *1 (N.D. Cal. June 19, 2015). This "calls for the court to multiply 'the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.' " *Id.* (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)).  That stated, "[t]he most critical factor" in calculating attorney's fees "is the degree of success obtained," and the Court has and should exercise substantial discretion to account for that "crucial" consideration.

5

DEFENDANTS' NOTICE OF MOTION MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 8:20-CV-02314-JLS-KES

*Hensley*, 461 U.S. at 434-37.  Thus, the Court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Id.*

When deciding whether a SLAPP defendant's fee request is "reasonable," a court "may and should consider the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." *Church of Scientology*, 42 20 Cal.App.4th at 659 (ellipses and citations omitted); *PLCM Group Inc. v. Drexler* 21 Cal.4th 1084, 1096 (2000) (explaining that to make reasonableness determination, courts consider "a number of factors, including the natura of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given the success' or failure, and other circumstances of the case"); *see also Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *1 (N.D. Cal. June 19, 2015).

Applying this criteria, Defendants' requested attorneys' fees are entirely reasonable. Defendants' attorneys' experience and skill, as well as the complexity of the issues involved in the anti-SLAPP Motion, justify both the hourly rates as well as the number of hours devoted to the Anti-SLAPP Motion and this Motion.

As for the difficulty of the case, the legal issues presented by Plaintiff's Complaint were complex in terms of the legal theories pursued by Plaintiff. Additionally, in opposing the Anti-SLAPP Motion, Plaintiff cited to a voluminous number of cases and raised numerous arguments. [Dkt. 1, 16, 33, 36].

With respect to the skill required to handle the matter, Defendants respectfully submit that both sets of counsel demonstrated skill in analyzing and responding to the Complaint and Plaintiff's Opposition to the Anti-SLAPP Motion.

6

DEFENDANTS' NOTICE OF MOTION MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 8:20-CV-02314-JLS-KES

As for the skill employed and the attention given to the matter, the invoices attached to the Declarations of Imran F. Vakil ("Vakil Decl.") and Michaela Sozio ("Sozio Decl.") are reflective of this. *See* Declarations of Imran F. Vakil at ¶¶ 1-14, Ex. A; *see also* Declaration of Michaela L. Sozio at ¶¶ 1-8, Ex. A.

Regarding the success of the attorneys' efforts, Defendants prevailed on their anti-SLAPP motion, which resulted in a dismissal of the four state-based claims with prejudice. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," which will "[n]ormally . . . encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. As for the attorneys' skill, learning, and experience, the experience of the billing attorneys is set forth in the Declarations of Imran F. Vakil and Michaela Sozio.

Moreover, each of their respective time entries as reflected in Exhibit A to the Vakil Declaration and Exhibit A to the Sozio Declaration are accurate, and all of the time expended was necessary in the representation of Defendants in this matter. The description of the services provided by Defendants' attorneys further demonstrate the novelty and difficulty of the issues involved in this matter.

Finally, the hourly rates that Defendants seek are reasonable. These rates are consistent with or below the rates charged by others with similar skill and experience in similar cases in their respective markets. with respect to the fees customarily charged by the locality for similar legal services, Imran Vakil, the attorney who was initially retained by Defendants and who was primarily responsible for filing the anti-SLAPP motion, is familiar with rates charged by attorneys in the California for litigating similar lawsuits and based on his experience, believes that his rates and those of his associate are consistent with rates charges by other law firms in California for similar services. *See* Vakil Declaration at ¶¶ 5,10. As for the hourly rate of the panel counsel retained by Defendants' liability insurer, those contractual

1   rates are reasonable and below-market for this type of work. *See* Sozio Declaration at

2   ¶ 6.

3   ### 3. The Requested Number of Hours is Reasonable

4       The number of hours for which Defendants seek compensation is reasonable.

5   Prior counsel Imran Vakil and his associate Randal Robinson spent a total of 51.5

6   hours amounting to $20,087.50. *See* Vakil Declaration at ¶ 14, Ex. A. Current

7   counsel spent a total of 11.2 hours amounting to $2,520.00 in connection with the

8   Reply Brief. *See* Sozio Declaration at ¶ 7, Ex. A.

9       The party seeking attorney's fees should exercise billing judgment and bears

10  the burden of justifying the number of hours for which it seeks compensation. *Id.* at

11  437. To establish reasonableness, "the Ninth Circuit requires only that the affidavits

12  be sufficient to enable the court to consider all the factors necessary to determine a

13  reasonable attorney's fee award." *Akerman v. W. Elec. Co.*, 643 F. Supp. 836, 863

14  (N.D. Cal. 1986), *aff'd*, 860 F.2d 1514 (9th Cir. 1988).

15      Further, it is anticipated that Plaintiff may argue that Defendants should have

16  hired cheaper lawyers than Mr. Vakil and/or dedicated less time to defending itself.

17  Defendants, however, prevailed on their motion, and "[b]y and large, the court should

18  defer to the winning lawyer's professional judgment as to how much time he was

19  required to spend on the case; after all, he won, and might not have, had he been more

20  of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

21  Plaintiffs "cannot litigate tenaciously and then be heard to complain about the time

22  necessarily spent" in response. *City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986).

23      Thus, the total number of hours spent that related to the Anti-SLAPP Motion –

24  37.1 hours by Imran Vakil, 14.4 hours by Randal Robinson, and 11.2 hours by

25  Michaela Sozio – are entirely reasonable, as is the estimated 14 hours in connection

26  with the preparation of the instant motion, the reply brief, and the hearing.

27  / / /

28

### 4.  Defendants are Entitled to Recover Fees For This Motion

The California Supreme Court has made clear that successful SLAPP defendants are entitled to "compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." *Ketchum*, 24 Cal.4th at 1141; see also *Beasley v. Wells Fargo Bank* 235 Cal. App. 3d 1407 (1991) at 1412-13 [award of $50,000 for "fees on fees" affirmed], disapproved on other grounds, *Olson v. Automobile Club of Southern California* 42 Cal. 4th 1142 (2008).

Defendants incurred approximately $1,800 in fees preparing this Motion, including time spent drafting the Motion, the Sozio Declaration and exhibits in support thereof, and the Proposed Order. *See* Sozio Declaration at ¶8.  Defendants should be awarded the entire amount of fees and costs incurred in preparing this Motion, as well as fees incurred in preparing their Reply brief, if necessary, and for Defendants' counsel to prepare for and attend the hearing on this Motion, which is estimated to be an additional $1,350.00. *Id.* Thus, the total amount sought to recover fees for this Motion is $3,150.00.  *Id.*

## V.  <u>CONCLUSION</u>

Plaintiff's state-based claims against Defendants were not warranted. It was reasonable and necessary for Defendants to hire skilled lawyers to defend itself. The billing rates as well as the time spent in connection with the Anti-SLAPP Motion and the fees motion are reasonable and necessary.  For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter an Order awarding Defendants the amount requested of $25,757.50.

Dated:  July 30, 2021                          TRESSLER LLP


By:   /s/ *Michaela Battista Sozio*
       Michaela Battista Sozio, Esq.
       Attorneys for Defendants
       No Bad Days Enterprises, Inc. and
       Scott Sample

LA # 4827-0698-1364 (443-340)

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a copy of foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: July 30, 2021                    TRESSLER LLP

                              By:     /s/ Michaela Battista Sozio
                                    Michaela Battista Sozio, Esq.
                                    Attorneys for Defendants
                                    No Bad Days Enterprises, Inc. and
                                    Scott Sample