Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 400
Los Angeles, California 90067
Phone:       310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com

Attorneys for Plaintiff/Counterdefendants,
COVE USA LLC & SEAN TODD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>   vs.<br><br>NO BAD DAYS ENTERPRISES, INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.: 8:20-cv-02314-JLS-KES<br><br>**PLAINTIFF'S/ COUNTERDEFENDANTS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Hearing Date: January 21, 2022<br>Hearing Time: 10:30 a.m.<br>Courtroom: 10A<br><br>*Hon. Josephine L. Staton* |
| NO BAD DAYS ENTERPRISES, INCORPORATED, a California corporation,<br><br>            Counterclaimant,<br><br>   vs.<br><br>COVE USA LLC, a California limited liability company; SEAN ARCHER TODD, an individual; and DOES 1-10, inclusive,<br><br>            Counterdefendants | |

i

Plaintiff/Counterdefendant Cove USA LLC ("Plaintiff") and Counterdefendant Sean Todd (together with Plaintiff, "Counterdefendants"), respectfully file this Memorandum of Points and Authorities in Opposition to the Motion for Attorneys' Fees filed by Defendant/Counterclaimant No Bad Days Enterprises, Incorporated and Defendant Scott Sample (collectively, "Defendants").

## I.  FACTUAL BACKGROUND

Plaintiff sells apparel incorporating "ubiquitous phrases" with beachy designs through Shopify, an e-commerce platform. *See* Dkt. 1, ¶¶ 1, 20, 21. Counterclaimants sell beach-inspired clothing that features the phrase "No Bad Days." *See id.*, ¶ 23.

After Defendants filed numerous takedown notices against Plaintiff's product listings on Shopify, on December 7, 2020, Plaintiff initiated the present litigation against Defendants. Defendants' notices to Shopify led to the removal of multiple of Plaintiff's products and ultimately, Plaintiff's entire storefront. As such, Plaintiff brought six claims against Defendants:

(1) Declaratory judgment of non-infringement of trademark;
(2) Declaratory judgment of non-infringement of copyright;
(3) Violation of Section 17200 of California's Unfair Competition Law (UCL);
(4) Intentional interference with prospective economic relations;
(5) Negligent interference with prospective economic relations; and
(6) Intentional interference with a contractual relationship.

On February 1, 2021, Defendants filed a motion to dismiss and/or strike Plaintiff's third through sixth causes of action. *See* Dkt. 16. On July 2, 2021, the Court granted Defendants' motion to strike based on California's anti-SLAPP statute. *See* Dkt. 41. In so doing, the Court expressly pointed out that Defendants succeeding on an anti-SLAPP motion to strike are "entitled to recover the attorney's fees and costs associated with bringing that motion." *See id.*; Cal. Civ. Proc. Code § 425.16(c)(1).

On July 30, 2021, Defendants filed a Motion for Attorneys' Fees, including two declarations in support thereof. *See* Dkt. 44. At particular issue is the Declaration of Imran F. Vakil ("Vakil Declaration"), in which $20,087.50 in fees are declared. *See* Dkt. 44-2, Ex. A.  In this Vakil Declaration, there are twenty-eight total time entries, only three of which explicitly relate to Defendants' anti-SLAPP motion and six others arguably could have included work related to Defendants' anti-SLAPP motion. That being said, several entries combine multiple tasks into a single time grouping under ambiguous descriptions, rendering a precise calculation unclear. It is Plaintiff's position that nearly half of the attorney's time claimed by Defendants was wholly unrelated to the anti-SLAPP motion and therefore, cannot be claimed as part of Defendants' entitlement to attorneys' fees.

On January 7, 2021, counsel for Plaintiff and counsel for Defendants met and conferred pursuant to Local Rule 7-3 regarding Defendants' then-contemplated motion to dismiss/strike Plaintiff's counterclaims. *See* Decl. of Lara A. Petersen ("LAP Decl."), ¶ 5. Prior to this phone call discussion, on January 4, 2021, Defendants' counsel provided a letter detailing the basis upon which its contemplated motion to dismiss and/or strike would be based. *See id.*, ¶ 3, Ex. A. Notably absent from the January 4, 2021 letter, the January 7, 2021 phone call, and following correspondence was any mention of the California anti-SLAPP statute. *Id.*, ¶¶ 3-5, Ex. A-C. It was not until Defendants' counsel provided another letter, on January 20, 2021, that Defendants expressed any intention to include a ground to strike Plaintiff's counterclaims based on the anti-SLAPP statute. *Id.*, ¶ 6. This is further supported by the time log attached to the Vakil Declaration, which first includes a time entry for "Legal research re anti-SLAPP motion" on January 8, 2021. *See* Dkt. 44-2, Ex. A.

Overall, based on the Vakil Declaration and the documented substance of counsel for the respective parties' Local Rule 7-3 meet and confer discussions between January 4, 2021 and January 22, 2021, it seems Defendants are only entitled

to attorneys' fees in the amount of $12,030.00. *See id.*, ¶¶ 3-7, Ex. A-C; *see also* Vakil Decl., *passim*.

## II. ARGUMENT

### A. Defendants May only Recover Attorneys' Fees Related to the Anti-SLAPP Motion

A party that is successful in bringing an anti-SLAPP motion to strike claims is entitled to attorneys' fees and costs associated with bringing *that* motion. Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added). However, that does not allow unrelated attorneys' fees to be collected. Indeed, it is well established that a successful party may not recover fees for the entire litigation. *Christian Research Inst. v. Alnor*, 165 Cal.App.4th, 1315, 1320 (2008). Instead, recovery is limited to the anti-SLAPP motion to strike. *See Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 39 Cal.App.4th 1379, 1383 (1995); *ComputerXpress, Inc. v. Jackson*, 113 Cal.Rptr.2d 625, 649 (2001). Despite the foregoing, Defendants seek unjust recovery for work unrelated to the anti-SLAPP motion.

Defendants provided their summary log of time spent, attached to two declarations in support of their Motion for Attorneys' Fees. *See* Dkt. 44. Of the twenty-eight entries in the Vakil Declaration, only three clearly describe work related to the anti-SLAPP motion. *See* Dkt. 44-2, Ex. A. On the other hand, Defendants generally noted "motion to strike / dismiss" in at least six entries. *See id.*

While Defendants may contend that "motion to strike / dismiss" is another way of phrasing the anti-SLAPP motion, this cannot be accurate since Defendants' initial January 4, 2021 meet and confer letter detailed a motion to strike Plaintiff's claim to damages for its unfair competition claim. *See* LAP Decl., ¶¶ 3-4. Rather, it is not until the ninth entry dated January 8, 2021 in the time log attached to the Vakil Declaration where "Legal research re anti-SLAPP motion" commences. *See* Dkt. 44-2, Ex. A. Similarly, it was not until Defendants' January 20, 2021 meet and confer letter that the anti-SLAPP ground for the motion to strike was mentioned. *See* LAP

Decl., ¶ 6.

While Defendants may nonetheless contend that "motion to strike / dismiss" includes the anti-SLAPP motion, this is, at best, ambiguous as "anti-SLAPP" is specifically listed in only two subsequent time entries. *See* Dkt. 44-2, Ex. A; *see* below listing of time entries detailing "anti-SLAPP" work.

| Line Item | Date | Description | Hrs. | Rate | Total | Billed By |
|---|---|---|---|---|---|---|
| 9 | 1/8/2021 | Continued revisions to R. Robinson email confirming substance of meet and confer; Legal research for motion to dismiss on alter ego claim and preemption for DMCA; Legal research re anti-SLAPP motion | 1.9 | $ 425.00 | $ 807.50 | Imran Vakil |
| 12 | 1/12/2021 | Further legal research re anti-SLAPP applicability, availability of fees, and potential legal grounds for dismissal of state law claims and work on initial draft of motion to dismiss re same. | 3.5 | $ 425.00 | $ 1,487.50 | Imran Vakil |
| 17 | 1/18/2021 | Continue revising motion to dismiss and additional legal research on anti-SLAPP statute; Sheradize (sic) cases. | 5.4 | $ 425.00 | $ 2,295.00 | Imran Vakil |
| | | **Totals:** | 10.8 | | $ 4,590.00 | |

*See* Dkt. 44-2, Ex. A. This implies that any time spent on anti-SLAPP is likely to be designated as such and therefore, unless "anti-SLAPP" is listed, the work likely relates to the remainder of the motion and/or other litigation matters. It is up to the moving party to ***clearly*** demonstrate that the time is related to the anti-SLAPP motion. *Loop AI Labs Inc. v. Gatti*, Dist. Court, 195 F. Supp. 3d 1107 (N.D. Cal. May 9, 2016) citing *Alnor*, 165 Cal. App. 4th, at 1320. However, Defendants have failed to clearly demonstrate that the vague "motion to strike / dismiss" work was dedicated, even partially, to anti-SLAPP and not the other grounds raised by

Defendants.

Viewing Defendants' time log generously, Plaintiff is willing to recognize that subsequent to the initial anti-SLAPP research on January 8, 2021, other entries for working relating to the "motion to dismiss / strike" *may* have included anti-SLAPP work. This subsequent time relating to the "motion to dismiss / strike" also includes all of the time delineated by Michaela Sozio, who appeared on behalf of Defendants *after* the Motion to Dismiss and/or Strike the Counterclaims (Dkt. 16) was filed, and whose time is detailed in the Declaration of Michaela Sozio ("Sozio Declaration"). *See* Dkt. 44-1, Ex. A. The subsequent time entries in the Vakil Declaration comprising "motion to dismiss / strike" are limited to:

| Line Item | Date | Description | Hrs. | Rate | Total | Billed By |
|---|---|---|---|---|---|---|
| 13 | 1/13/2021 | Further legal research for motion to dismiss; Revised motion; Coordinated client and R. Robinson review of initial draft motion; Reviewed Cove's response letter to Motion to Dismiss / Strike and prepared notes. | 5 | $425.00 | $2,125.00 | Imran Vakil |
| 15 | 1/14/2021 | Continue drafting motion to dismiss and/or strike. | 1.9 | $425.00 | $807.50 | Imran Vakil |
| 20 | 1/20/2021 | Finalize and sent Meet and Confer letter to Opposing Counsel; Review/revise draft of Motion to Dismiss with Opposing Counsel's letter. | 2.8 | $300.00 | $840.00 | Randal Robinson |
| 28 | 7/8/2021 | Call w/ Client re motion for attorneys' fees; Prepared | 2.7 | $425.00 | $1,147.50 | Imran Vakil |

OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

| | | | | | |
|---|---|---|---|---|---|
| | | declaration and exhibitre (sic) motion for attorneys' fees. | | | |
| | | **Totals:** | 12.4 | $4,920 | |

*See* Dkt. 44-2, Ex. A.

Because of the ambiguity in the remainder of the time log attached to the Vakil Declaration, work on anti-SLAPP cannot be distinguished from other arguments in the motion. Accordingly, the Sozio Declaration comprises time entries totaling $2,520.00 and the unambiguous time described in the Vakil Declaration totals $9,510.00. *See* Dkt. 44-1, 44-2. Defendants' recovery should, therefore, be limited to $12,030.00, the value of the time that can clearly be established as spent on anti-SLAPP.

**B.  Defendants Are Unable to Recover for Work That Would Have Been Performed in the Absence of the Anti-SLAPP Motion**

In support of their Motion for Attorneys' Fees, Defendants list numerous tasks that would have been completed even if the anti-SLAPP motion had not been filed. However, Defendants are not entitled to attorneys' fees for such work. *See Alnor*, 165 Cal. App. 4th, at 1325 (finding that hours billed for other work, such as obtaining the docket, obtaining unspecified court documents, and attending the mandatory case management conference, would have been incurred whether or not the motion to strike was filed).

The Vakil Declaration lists items, such as calls with the client, "Meeting w/ R. Robinson re Cove's responses to meet and confer," "Finalized e-mail commemorating Meet and Confer Details…" among others which would have been incurred in the absence of an anti-SLAPP motion. The client calls, for example, include discussions based on the likelihood of success. This call would have occurred even if an anti-SLAPP motion were not filed.

As was the case in *Alnor* with the mandatory case management conference, the "L.R. 7-3 letter" and the meet and confer conference are mandatory. *See* Local

1  Rule 7-3. Here, filing documents with the court and general case management,
2  including correspondence with clients, would have occurred in the absence of anti-
3  SLAPP because of the other theories presented in Defendants' Motion to Dismiss
4  and/or Strike (Dkt. 16).

5   Defendants are requesting $13,727.50 in fees that are not recoverable. As
6  such, the Court should reduce Defendants' compensation to $12,030.00, which is
7  representative of the amount of time reasonably dedicated to the anti-SLAPP portion
8  of Defendants' motion.

9  **C.  The Court Should Further Reduce the Defendants' Recovery**
10  **Because Defendants Obscured the Amount of Work Performed in**
11  **Relation to Anti-SLAPP**

12  Compensation is limited to *reasonable* compensation. *Ketchum v. Moses*, 104
13  Cal.Rptr.2d 377, 384 (2001). Recovery should be reduced to what would reasonably
14  have been spent on the anti-SLAPP portion of the motion. *ComputerXpress, Inc.*,
15  24 Cal. 4th 1122, 113 Cal. Rptr. 2d at 649 (finding that it is proper for the court to
16  reduce compensation for failing to provide a proper basis for determining how much
17  time was spent on a particular claim).

18  While Plaintiff does not dispute that any work performed in relation to anti-
19  SLAPP is recoverable, the amount of time for which Defendants seek to recover is
20  unreasonable because Defendants have failed to establish the amount of time
21  actually spent on anti-SLAPP work. Instead, Defendants combined multiple tasks
22  into a single time entry, a method known as "block billing," rendering it an
23  impossible task to determine what amount of time was spent on the anti-SLAPP
24  portion of the motion. In particular, at least the following time entries appear to have
25  been "block billed" without any specific mention of "anti-SLAPP" work:

| Line Item | Date | Description | Hrs. | Rate | Total | Billed By |
|---|---|---|---|---|---|---|
| 13 | 1/13/2021 | Further legal research for motion to dismiss; Revised motion; | 5 | $425.00 | $2,125.00 | Imran Vakil |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Coordinated client and R. Robinson review of initial draft motion; Reviewed Cove's response letter to Motion to Dismiss / Strike and prepared notes. | | | | |
| 15 | 1/14/2021 | Continue drafting motion to dismiss and/or strike. | 1.9 | $425.00 | $807.50 | Imran Vakil |
| 18 | 1/19/2021 | Draft Robinson declaration and initial draft of second (reply) meet and confer letter. | 1.5 | $425.00 | $637.50 | Imran Vakil |
| 20 | 1/20/2021 | Finalize and sent Meet and Confer letter to Opposing Counsel; Review/revise draft of Motion to Dismiss with Opposing Counsel's letter. | 2.8 | $300.00 | $840.00 | Randal Robinson |
| 21 | 1/21/2021 | Revised second (reply) meet and confer letter; Coordinated reissuance. | 0.5 | $425.00 | $212.50 | Imran Vakil |
| 23 | 1/22/2021 | Prepare for and conduct Meet and Confer #2 with Opposing Counsel, Lara Petersen. | 2.4 | $300.00 | $720.00 | Randal Robinson |
| 25 | 1/28/2021 | Email Client the final draft of motion for review before filing. | 0.2 | $425.00 | $85.00 | Imran Vakil |
| 26 | 2/1/2021 | Call w/ Client responding to client questions about motion to dismiss, anticipated arguments | 0.5 | $425.00 | $212.50 | Imran Vakil |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | in opposition, likely reply, and hearing/decision process. | | | | |
| **27** | 2/1/2021 | Reviewed Court website for available hearing dates; Amend/Update MTD documents with new hearing date; File Motion. | 1.6 | $300.00 | $480.00 | Randal Robinson |
| **28** | 7/8/2021 | Call w/ Client re motion for attorneys' fees; Prepared declaration and exhibitre (sic) motion for attorneys' fees. | 2.7 | $425.00 | $1,147.50 | Imran Vakil |
| | | **Totals:** | 19.1 | | $7,267.50 | |

*See* Dkt. 44-2, Ex. A.

This "block billing" method obscures the nature of the work and is "risky" because compensable time becomes conflated with non-compensable time, thereby destroying the attorney's credibility. *Alnor*, 165 Cal.App.4th, at 1325-26. As such, Defendants' recovery should be limited because it is not reasonable to designate the entire billing block to one of several listed tasks in order to unjustly receive recovery. Plaintiff therefore contends that $12,030.00 is the ***maximum*** amount to which Defendants are entitled but, in reality, Defendants should receive far less.

### III. CONCLUSION

For the reasons stated herein, the Court should reduce the requested attorneys' fees to $12,030.00 because Defendants have failed to establish that all of the requested attorneys' fees relate to the anti-SLAPP motion. In its discretion, the Court should further limit any award because Defendants failed to provide an accurate calculation based on time spent on the anti-SLAPP motion.

///

RESPECTFULLY SUBMITTED this 3rd day of January, 2021.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for
Plaintiff/Counterdefendants,
Cove USA LLC & Sean Todd