UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                      Date: January 05, 2022
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Melissa Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                     Not Present

**PROCEEDINGS:   (IN CHAMBERS)   ORDER DENYING DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 27)**

Before the Court is Defendant and Counterclaimant No Bad Days Enterprises, Inc.'s Motion for Preliminary Injunction ("Motion") (Mot., Doc. 27.)  Plaintiff Cove USA, LLC opposed.  (Opp. Doc. 45.)  The Court found the matter appropriate for decision without oral argument and took the matter under submission.  (Doc. 49.)  For the following reasons, the Court DENIES No Bad Days' Motion.

**I.      BACKGROUND**

Cove and No Bad Days are business competitors that sell beach-inspired clothing. (Compl. ¶ 1, Doc. 1.)  Plaintiff Cove is a California corporation with its principal place of business in Irvine, California.  (*Id.* ¶ 4.)  Cove operates its main product store through Shopify, an e-commerce platform.  (*Id.* ¶ 20.)  Defendant No Bad Days is a California corporation with its principal place of business in Temecula, California, and Defendant Scott Sample is its manager and co-founder.  (*Id.* ¶¶ 5-6.)

Cove sells apparel incorporating "ubiquitous phrases together with beachy designs."  (*Id.* ¶ 21.)  For example, some of Cove's popular designs include "Respect the Sea," with a ship being taken over by an angry octopus, "Endless Summer," with a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                              Date: January 05, 2022
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

surfboard leaning against a van, and "Let's Get Hammered," with a hammerhead shark. (*Id.*; Ex. A to Compl.)  No Bad Days sells beach-inspired clothing that features the phrase, "No Bad Days."  (Compl. ¶ 1.)  Sample and No Bad Days hold a trademark registration in the phrase covering clothing (hats, jackets, pants, shirts, shorts, sweaters, swimsuits, and t-shirts) and other products.  (Declaration of Scott Sample ¶ 8, Doc. 27-1; Ex. A (U.S. Trademark Office's TESS records of No Bad Days Registrations), Doc. 27-2.).  The trademark "consists of standard characters without claim to any particular font style, size, or color."  (*See* Ex. A, Doc. 27-2.)

No later than October 2020, Cove began featuring the expression "No Bad Days" on some of its clothing.  (Compl. ¶ 22; Ex. B to Compl.)  On October 9, 2020, Sample emailed Cove, notifying Cove that certain of its products were infringing NBD's trademark.  (*Id.* ¶ 25.)  Cove responded by denying any trademark infringement and refusing to take down any of the Accused Products.  (*Id.*)  NBD therefore submitted notices of infringement to Shopify.  (*Id.* ¶¶ 24, 26.)  Shopify removed the Accused Products from its platform.  (*Id.* ¶¶ 26, 58-60.)

On December 7, 2020, Cove filed this action asserting six claims against No Bad Days and Sample:  (1) declaratory judgment of non-infringement of trademark; (2) declaratory judgment of non-infringement of copyright; (3) violation of Section 17200 of California's Unfair Competition Law (UCL); (4) intentional interference with prospective economic relations; (5) negligent interference with prospective economic relations; and (6) intentional interference with a contractual relationship.  (Compl. ¶¶ 29-62, Doc. 1.)  On February 1, 2021, Defendants moved to dismiss claims three through six, which the Court granted. (Order, Doc. 41.)

Now No Bad Days seeks "[a] preliminary injunction precluding Cove from selling goods with the NO BAD DAYS Mark pending trial." (Mot. at 1, Doc. 27.)  Specifically, No Bad Days seeks an order:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-02314-JLS-KES | Date: January 05, 2022 |
| Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al | |

> (a) restraining and enjoining Counterdefendants Cove USA, LLC ('Cove USA'), Sean Archer Todd ('Todd') (collectively, Cove USA and Todd are referred to herein as 'Cove'), their partners, officers, directors, employees, agents, and representatives, and all persons, firms and corporations in active concert or participation with them from using in any manner NBD's NO BAD DAYS trademark, or any mark or trade name that is confusingly similar to or a colorable imitation of the NO BAD DAYS trademark; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Cove, or likely to confuse members of the public or prospective customers into believing that there is some connection between NBD and Cove or any other entity owned by or associated with Cove; (c) otherwise competing unfairly with NBD in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph.

(*Id.* at ii.) In its supporting materials, No Bad Days identifies several clothing items and a decal that purportedly infringe on No Bad Days' trademark. (*See*, *e.g.*, Declaration of Scott Sample ("Sample Decl.") ¶¶ 12-17, Doc. 27-1.)

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 676 (2008) (internal quotations marks omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex v. Camenisch*, 451 U.S. 390, 395 (1981). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES                      Date: January 05, 2022
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

district court should issue a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). This requires the district court to make findings of fact and conclusions of law. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007).

"[T]he party seeking the injunction . . . bear[s] the burden of demonstrating the various factors justifying preliminary injunctive relief . . . ." *Granny Goose Foods, Inc. v. Bd. of Teamsters*, 415 U.S. 423, 441 (1974). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Ninth Circuit employs the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test. *Id* at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

### III. DISCUSSION

No Bad Days argues that "[a] preliminary injunction precluding Cove from selling goods with the NO BAD DAYS Mark pending trial is warranted." (Mot. at 1, Doc. 27.) Specifically, No Bad Days argues that the Court should enter a preliminary injunction in its favor because: (1) No Bad Days "has established a likelihood of success on its trademark claims," (2) No Bad Days "is entitled to a presumption of irreparable harm – a presumption which in this case is only bolstered by evidence that the lesser quality of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                              Date: January 05, 2022
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Cove's knockoff clothing is endangering [No Bad Days'] hard-won reputation," (3) the balance of equities favors No Bad Days, and (4) an injunction is in the public interest (*Id.* at 1, 13-15.)   As the Court finds that No Bad Days has not established a likelihood of success on its claims, the Court does not reach No Bad Days' other *Winter* arguments. *See Borenstein v. Lead Animal Shelter Animal Found.*, 810 F. App'x 573, 573 (9th Cir. 2020).

### A. <u>Likelihood of Success on the Merits</u>

In its Motion, No Bad Days argues that it "has established a likelihood of success on its trademark claims."  (Mot. at 1, Doc. 27.)  For No Bad Days to succeed on its infringement claims, it is not enough to show that the "accused products merely display" the at-issue phrase.  *LTTB, LLC v. Redbubble, Inc.*, 385 F. Supp. 3d 916, 919 (N.D. Cal. 2019), *aff'd*, 840 F. App'x 148 (9th Cir. 2021).  Rather, No Bad Days must show, among other things, that the phrase is used in a "source-identifying manner[]."  *Id.* at 917.  As courts have noted, a "trademark holder cannot prevent others from using [a] pun [or phrase] in contexts that do not imply source," as "no one can claim exclusive rights to use [a] pun merely by printing it on [clothing products] . . . and calling it a 'trademark.'"  *See*, *e.g.*, *id.*  Therefore, if No Bad Days fails to show, for example, "that consumers buy [the] goods because they identify [No Bad Days] as the source, rather than because of the aesthetic function of the phrase," No Bad Days cannot establish infringement.  *LTTB LLC v. Redbubble, Inc.*, 840 F. App'x 148, 150 (9th Cir. 2021).  In this case, Cove argues that No Bad Days has not made a clear showing that Cove "is using the mark in a source-identifying manner," and therefore, No Bad Days has not demonstrated entitlement to a preliminary injunction.  (Opp. at 10, Doc. 45.)  The Court agrees.

The Court finds *LTTB LLC v. Redbubble, Inc.*, 385 F. Supp. 3d 916 (N.D. Cal. 2019) instructive.  In *LTTB LLC v. Redbubble Inc.*, the district court considered a trademark infringement claim brought by LTTB, LLC against Redbubble, Inc. for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES                        Date: January 05, 2022
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Redbubble's alleged use of the phrase "Lettuce Turnip the Beet" on various products. *Id.* at 917-18. As noted in the action, LTTB held "registered trademarks for the pun 'LETTUCE TURNIP THE BEET,'" which the PTO permitted "only after plaintiff proposed including the phrase on product labels and hang tabs." *Id.* at 917. In granting summary judgment in favor of Redbubble, the district court noted that "while a source-identifying trademark may embody a pun," a "trademark holder cannot prevent others from using the pun in contexts that do not imply source." *Id.* And in this case, the district court noted, "[t]here [wa]s *no* evidence in the record from which a reasonable trier of fact could conclude that consumers seek to purchase products based on LLTB's reputation" but "[r]ather[] as LTTB's evidence and argument ma[d]e clear, consumers are interested in purchasing products displaying the pun." *Id.* at 920. The district found it relevant that the PTO had initially rejected LTTB's application when LTTB "suggested the phrase merely would be emblazoned" across various products, which illustrated that "the pun is not source-identifying and therefore not infringing." *Id.* at 919, 919 n.1.

       The Ninth Circuit affirmed. *LTTB LLC v. Redbubble, Inc.*, 840 F. App'x 148 (9th Cir. 2021). The Ninth Circuit held that "there [wa]s no evidence here that consumers buy LTTB's goods because they identify LLTB as the source, rather than because of the aesthetic function of the phrase, 'LETTUCE TURNIP THE BEET.'" *Id.* at 151. While "LTTB presented evidence of the popularity of its goods," the Ninth Circuit noted, "that evidence d[id] not raise a triable issue as to whether consumers buy the products because they identify LTTB as the source of the goods." *Id.* at 150. Indeed, the Ninth Circuit noted, LTTB "presented to no evidence to avoid the conclusion that the marks . . . serve an aesthetic purpose wholly independent of any source-identifying function and thus are aesthetically functional." *Id.* (internal quotation marks omitted). The court observed that it "has been careful to prevent the use of trademark to monopolize a design feature which, *in itself and apart from its identification of source*, improves the usefulness or appeal of the object it adorns.'" *Id.* (internal quotation marks omitted). Accordingly, the Ninth Circuit concluded that Redbubble's "allegedly fringing activity d[id] not deceive or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES     Date: January 05, 2022
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

mislead consumers about the source of the goods but copies the designs themselves." *Id.* at 152.

With the above in mind, the Court finds that No Bad Days has not established it will likely succeed on its trademark infringement claims. Like in *LTTB, LLC*, No Bad Days has not shown, based on the present record, that "consumers buy [No Bad Days'] goods because they identify [No Bad Days] as the source, rather than because of the aesthetic function" of the at-issue phrase. 840 F. App'x at 150. While No Bad Days contends that "NBD and its licenses have sold millions of products under the NO BAD DAYS mark," (Mot. at 9, Doc. 27), this evidence "does not support [No Bad Days'] contention that consumers purchase the products because they are source-identifying rather than merely aesthetically pleasing," *LTTB, LLC*, 840 F. App'x at 150 n.1. No Bad Days further notes that "a customer identified as 'Austin Standley' complained on Cove's e-store that his Cove t-shirt did not come with free stickers 'as it was advertised on the website" when "it is NBD's website that advertises free stickers with a purchase of NBD's goods." (Mot. at 12, Doc. 27.) However, this evidence does not satisfy No Bad Days' burden here as it does not clearly show that consumers "buy the goods because the design associates the goods with the company . . . rather than because they want goods bearing the phrase." *LTTB, LLC*, 840 F. App'x at 151.

No Bad Days nevertheless argues that it will likely succeed on its trademark infringement claims because Cove has "prominently displayed" the at-issue phrase "on its own goods in order to generate sales." (Mot. at 10, Doc. 27.) However, Cove's mere use of the phrase, without more, does not demonstrate source-confusion. As the *LTTB* district court noted, a "trademark holder cannot prevent others from using the pun in contexts that do not imply source." *LTTB*, 385 F. Supp. at 917. On the present record, No Bad Days simply has "presented no evidence to avoid the conclusion that the marks here serve an aesthetic purpose wholly independent of any source-identifying function." *LTTB LLC*, 840 F. App'x at 151 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                             Date: January 05, 2022

Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

     Accordingly, No Bad Days has not shown entitlement to a preliminary injunction.

**IV.**     **CONCLUSION**

     For the above reasons, the Motion is DENIED.

**IT IS SO ORDERED**.

     Initials of Deputy Clerk: mku