Michaela Battista Sozio, Esq., SBN 179148
msozio@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendants/Counter-Claimants
No Bad Days Enterprises, Inc. and Scott Sample

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NO BAD DAYS ENTERPRISES INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 8:20-cv-02314-JLS-KES<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Date:　　　January 21, 2021<br>Time:　　　10:30 a.m.<br>Courtroom.:　10A<br>Judge:　　　Hon. Josephine L. Staton |

　　　Defendant No Bad Days Enterprises, Inc. ("NBD") and Scott Sample ("Sample") (jointly, "Defendants") hereby submit this Reply in support of their Motion for Attorneys' Fees Pursuant to the California Code of Civil Procedure § 425.16(c).

/ / /

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES
CASE NO. 8:20-CV-02314-JLS-KES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' special motion to strike claims three through six were dismissed by this Court on July 2, 2021. [Order, Dkt. 41]. Defendants are entitled to attorneys' fees and costs under California Code of Civil Procedure § 425.16 ("the Anti-SLAPP Statute") in the amount of $25,757.50 which represents (1) the sum of $22,607.50, which is the reasonable amount of attorneys' fees and costs incurred by both sets of Defendants' attorneys in connection with their Anti-SLAPP Motion, and (2) the sum of $3,150.00, which is the reasonable amount of attorneys' fees and costs incurred by Defendants in connection with the Motion for Attorneys' Fees, this Reply brief, and the anticipated time preparing for and appearing at the hearing on the Motion.

In its Opposition, Plaintiff seeks a reduction in Defendants' fees and costs, first by claiming that numerous hours spent on the Anti-SLAPP Motion were outside the framework of the statute and second, by disapproving of the billing method used as obscuring the nature of Defense counsels' work. As set forth in the moving papers and as set forth below, Plaintiff's contentions fail as a matter of law.

As an initial matter, while Plaintiff does not challenge the threshold issue that attorneys' fees and costs are mandatory under the Anti-SLAPP Statute (Oppo. 4:6-8), it contends that Defendants are seeking an unjust recovery because the requested fees are beyond the scope of the Anti-SLAPP Motion (Oppo. 4:11-15). While fees and costs "may not include matters unrelated to the anti-SLAPP motion" those "intertwined with" the motion are reasonable under the law. *Century Surety Co. v. Prince*, 782 Fed. Appx. 553, 558 (9th Cir. 2019); *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at * 4 (N.D. Cal. June 19, 2015). Defendants have met the burden that their fees and costs are reasonable under the Anti-SLAPP Statute.

Second, Defendants should be fully compensated for the hours all attorneys spent on the preparation of the motion and associated papers. Plaintiff claims that

Defendants "obscure[d]" the amount of work performed which therefore warrants a reduction in recovery. (Oppo. 9:14). "Fee awards calculated under the lodestar method are generally presumed to be reasonable." *Wynn*, 2015 WL 3832561, at * 2 (citing *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1208-09 (9th Cir. 2013)). And therefore, a court "should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoting S. Rep. No. 94-1011, p. 6 (1976)). The prevailing party is expected "to make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Id*. Plaintiff has not challenged the fees under these criteria, but instead challenges the methods Defense counsel used. The law does not support a reduction based upon Plaintiff's preferences.

Third, Defendants' total request of $25,757.50 is reasonable and they have produced the requisite supporting documentation. Plaintiff disregards the attorney declarations and as stated above, takes issue with the scope and method of billing claiming the Defense counsels' practices run the risk of conflating compensable time with non-compensable time. (Oppo. 9: 14-16). The lodestar method is the general practice for district courts when calculating the appropriate amount of attorneys' fees. *Wynn*, 2015 WL 3832561, at * 1. Under this assessment "the most critical factor is the degree of success obtained" and the court has substantial discretion as part of this consideration. *Hensley*, 471 U.S. at 436. The Court should focus on the significance of the overall relief obtained relative to the hours reasonably expended on litigation. *Id.* at 434-37.

Finally, Plaintiff's Opposition to Defendants' Motion for Attorneys' Fees and Costs was untimely and the Court should therefore decline to consider it. Defendants' Motion for Attorneys' Fees and Costs was filed on July 30, 2021. [Dkt. 44]. The matter was set for hearing on January 21, 2022. Rule 7-9 of the Local Rules of the United States District Court for the Central District of California states in part that the

"opposing party shall … not later than twenty-one (21) days before the date designated for the hearing of the motion … serve upon all other parties and file with the Clerk" its opposition paper. L.R. 7-9. Plaintiff's Opposition was therefore due on December 31, 2021 but was filed on January 3, 2022. [Dkt. 50]. Defendants respectfully request this Court strike Plaintiff's Opposition as untimely. Nonethess, for reasons set forth in the moving paper and below, Defendants are entitled to recover the entire amount of attorneys' fees sought.

Thus, Defendants respectfully request that its motion for attorneys' fees be granted in its entirety.

## II.   ARGUMENT

### A. The Fees are Reasonable and Not Beyond the Scope of the Anti-SLAPP Statute

The lodestar method is the typical method of calculation used to determine attorneys' fees. *Wynn*, 2015 WL 3832561, at * 1. This method "calls for the court to multiply the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1202 (9th Cir. 2013)). "[T]he most critical factor is the degree of success obtained." *Hensley*, 471 U.S. at 436. Further considerations include "the prevailing market rates in the relevant community [and] the experience, skill, and reputation of the attorney." *Wynn*, 2015 WL 3832561, at * 1(citing *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1205-06 (9th Cir. 2013)).  These factors are all addressed in the moving papers.  Defendants have identified with specificity the amount of time expended on the litigation, the hourly rate was reasonable based on the market rates and skill/experience/reputation of the attorneys.

Plaintiff's Opposition, however, does not address the lodestar method or the additional factors available to the Court, but rather challenges many of the fees as outside the scope of the Anti-SLAPP Statute's mandatory fee-shifting mechanism.

(Oppo. 3-4). Plaintiff proposes excluding $13,727.50 in fees as a result. (Oppo. 5-6). However, Plaintiff fails to provide any authority to support its contention that the Court should exclude the hours spent on the preparation of additional legal support included in the Anti-SLAPP Motion. For example, Plaintiff appears to be arguing that the anti-SLAPP motion was not raised during various meet and confers with respect to the motion to dismiss. Nonetheless, counsel met and conferred with respect Defendants' filing their motion to dismiss and all arguments included in the Anti-SLAPP Motion are "intertwined," and therefore subject to the Anti-SLAPP Statute's fee-shifting mechanism. *Wynn*, 2015 WL 3832561, at * 4. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 471 U.S. at 435.

Plaintiff further argues several time entries by attorney Imran Vakil combined multiple tasks, and therefore the entirety of these entries cannot be claimed because there is no "precise calculation" and therefore constitutes "block billing." Again, these tasks are all intertwined and were necessary – and reasonable – for the preparation of the anti-SLAPP motion. Plaintiff argues, for example, that fees for tasks such as "Cove's responses to meet and confer" and "client calls" should be reduced from any award of attorneys' fees as they allegedly had no relation to the anti-SLAPP motion. Again, as noted above, the tasks are inextricably intertwined with the anti-SLAPP motion, including the meet and confer efforts that defense counsel engaged in with Plaintiff's counsel prior to filing the anti-SLAPP motion. Indeed, the supporting Declaration of Imran Vakil clearly sets forth the tasks and indicates that these tasks were all undertaken in furtherance of the anti-SLAPP motion. Further, Plaintiff's speculation as to what was discussed in the "client calls" is just that: speculation. Plaintiff's improper assumptions are not a basis to reduce these fees incurred.

/ / /

Thus, Defendants' Anti-SLAPP Motion and supporting Declarations provide extensive support for the relief sought. Plaintiff failed to provide any authority that the fees should be reduced piecemeal simply because Defendants provided alternative legal grounds. Consistent with *Hensley,* Defendants consideration and inclusion of alternative legal grounds should not be excluded, but in fact, are recoverable under the Anti-SLAPP Statute fee-shifting mechanism.

### B. The Requested Hours is Reasonable

Under the lodestar method fee awards "are generally presumed to be reasonable." *Wynn*, 2015 WL 3832561, at * 2 (citing *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1208-09 (9th Cir. 2013)). The prevailing party is expected "to make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Plaintiff's contention has been that the time was ambiguous as documented. Plaintiff suggested that the time entry method ran the risk of conflating compensable time with non-compensable time. (Oppo. 9: 14-16). In doing so, Plaintiff contends that $13,727.50 in fees incurred by Defendants should not be recoverable. Plaintiff did not argue that the time was redundant or excessive. Rather, Plaintiff asserted that it does not prefer defense counsel's billing methods and as such, the fees should be reduced. This is not the standard.

Defendants have provided detailed, supporting declarations including time entries that reflect the work done regarding the Anti-SLAPP Motion, Reply, and hearing, including preparation, correspondence, research, and drafting, which are all well within reason as part of the defense against the claims asserted. Defendants have also asserted that the rates do not exceed the standards for the area. As such, the Court has sufficient information to determine reasonableness within its discretion. And the law does not support a reduction based upon Plaintiff's preferences regarding time entry methods.

/ / /

### C. The Total Request of $25,757.50 is Reasonable and Defendants are Entitled to Full Recovery

In order to recover, the party seeking fees "must establish entitlement to the award and submit evidence that supports the hours worked and the rates claimed." *Wynn*, 2015 WL 3832561, at * 2 (citing *Hensley*, 461 U.S. at 433). As part of the Court's consideration, "the Ninth Circuit requires only that the affidavits be sufficient to enable the court to consider all factors necessary to determine a reasonable attorney's fee award." *Akerman v. W. Elec. Co.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986), aff'd 860 F. 2d 1514 (9th Cir. 1988).

As set forth in the Motion, supporting papers, and above, Defendants have provided the Court with evidence to show that its fees are entirely reasonable and fall squarely within the Anti-SLAPP Statute fee-shifting mechanism. The lodestar method is the general practice for district courts, and they have substantial discretion. *Hensley,* 471 U.S. at 436. Plaintiff has failed to provide any authority that the fees, hours, or method of time entry are unreasonable or otherwise run afoul of the Anti-SLAPP Statute such that a reduction is warranted.

### D. Plaintiff's Opposition to Defendants' Motion for Attorneys' Fees was Untimely

Defendants filed their Motion for Attorneys' Fees on July 30, 2021. [Dkt. 44]. Hearing on the motion is set for January 21, 2022. Rule 7-9 of this Court's Local Rules states in part that the "opposing party shall … not later than twenty-one (21) days before the date designated for the hearing of the motion … serve upon all other parties and file with the Clerk" its opposition papers. L.R. 7-9; see also Fed. R. Civ. P. Rule 6(6) (in which New Year's Eve is not a legal holiday). Further, "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or other failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]" L.R. 7-12.

Consistent with these rules, Plaintiff's Opposition was due to be filed on December 31, 2021. It was instead filed on January 3, 2022. "District courts have inherent power to control their dockets and may impose sanctions … in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F. 3d 393, 398 (9th Cir. 1998).

Given Plaintiff's late-filing of its Opposition, this Court should decline to consider Plaintiff's untimely Opposition and render it as consent to the relief Defendants seek.

### III. CONCLUSION

Plaintiff's state-based claims were retaliatory in nature and the Court properly dismissed these claims following Defendants' anti-SLAPP motion. The fees that Defendants seek to recover were both reasonable and necessary. Plaintiff's Opposition fails to set forth any factual or legal basis that would support a reduction of the fees sought.  Accordingly, Defendants respectfully request that the Court grant its Motion for Attorneys' Fees and enter an Order awarding Defendants the full amount of $25,757.50 requested in the moving papers.

Dated:  January 7, 2022              Respectfully submitted,

TRESSLER LLP

By: ___/s/ *Michaela Battista Sozio*___
Michaela Battista Sozio, Esq.
Attorneys for Defendants/Counter-Claimants
No Bad Days Enterprises, Inc. and
Scott Sample

#4855-8303-0281 (443-340)

# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, a copy of foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated:  January 7, 2022                    TRESSLER LLP

                                By:    /s/ *Michaela Battista Sozio*
                                       Michaela Battista Sozio, Esq.
                                       Attorneys for Defendants
                                       No Bad Days Enterprises, Inc. and
                                       Scott Sample

#4855-8303-0281 (443-340)