UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                             Date: January 20, 2022
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE OF CIV. PROC. § 425.16(C) (Doc. 44)**

Before the Court is a Motion for Attorneys' Fees Pursuant to Cal. Code of Civ. Proc. § 425.16(C) filed by Defendants No Bad Days Enterprises, Inc. and Scott Sample ("Fee Motion). (Fee Mot., Doc. 44.)  Plaintiff/Counterdefendant Cove USA LLC and Counterdefendant Sean Todd (together, "Counterdefendants") opposed, and Defendants replied.  (Opp., Doc. 50; Reply, Doc. 52.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for **January 21, 2021, at 10:30 a.m.** is VACATED.  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court GRANTS IN PART Defendants' Fee Motion.

### I. BACKGROUND

On July 2, 2021, the Court granted Defendants' Motion to Dismiss asserting, among other things, that the state-law claims raised in the Complaint violated California's anti-SLAPP statute.  (Order, Doc. 41; Motion to Dismiss, Doc. 16.)  The Court found that "[b]ecause Plaintiff has failed to demonstrate the necessary probability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES                                                    Date: January 20, 2022
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

of success on their State Law Claims, the Court GRANTS Defendants' Motion to strike these claims pursuant to California's anti-SLAPP statute." (Order at 11, Doc. 41.) The Court further noted that Defendants may seek to recover attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 425.16(c)(1). (*Id.* at 12.)

Defendants now request a total of $25,757.50 in fees work in connection with the Motion to Dismiss and this Fee Motion. (Fee Motion at 2, Doc. 44.) Defendants submit $22,607.50 in fees for prevailing on their Motion to Dismiss, and an additional $3,150.00 in fees for the preparation of the present fee motion and reply. (*Id.* at 8-9 (citing Declaration of Imran F. Vakil ¶ 14, Doc. 44-2; Ex. A to Vakil Decl., Doc. 44-2; Declaration of Michaela Sozio ¶¶ 7-8, Doc. 44-1; Ex. A to Sozio Decl., Doc. 44-1).) In their reply brief, Defendants further note that the Counterdefendants submitted an untimely opposition, and that this Court should accordingly decline to consider the opposition. (Reply at 6-7, Doc. 52.)

**II.     LEGAL STANDARD**

Per section 425.16, subdivision (c) of California Code of Civil Procedure, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorneys' fees and costs." Cal. Code Civ. Proc. § 425.16(c), as amended by 2021 Cal. Legis. Serv. Ch. 615 (A.B. 474) (2021). "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Such an award may be appropriate even where a defendant achieves only partial success. *See, e.g.*, *Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1177 (2011); *City of Indus. v. City of Fillmore*, 198 Cal. App. 4th 191, 218 (2011), *as modified* (Aug. 24, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES　　　　　　　　　　　　　Date: January 20, 2022
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

### III. DISCUSSION

Defendants argue that (1) "this Court should decline to consider Plaintiff's untimely Opposition" and (2) this Court should grant Defendants' request for attorneys' fees incurred in prevailing on its anti-SLAPP motion. (Fee Mot., Doc. 44; Reply at 7, Doc. 52.) The Court addresses Defendants' arguments below.

#### A. Counterdefendants' Opposition

Defendants argue that "this Court should decline to consider Plaintiff's untimely Opposition." (Reply at 7, Doc. 52.) Defendants' Motion (Doc. 44) is before the Court for hearing on January 21, 2022. Accordingly, any opposition to Defendants' Motion would ordinarily be due by Friday, December 31, 2021. *See* L.R. 7-9. However, December 31, 2021 was observed as a federal holiday. *See* United States Office of Personnel Management, *2022 Holiday Schedule*, OPM.gov, *available at* https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=2022. Counterdefendants' filed their opposition on the next court day, January 3, 2022. As the rule as to how to calculate the due date for the filing is not a model of clarity (*see* Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat. Ed.), Opposing the Motion—And Rebutting the Opposition § 12:102.7 (2021)), the Court will treat their opposition as timely.

#### B. Defendants' Motion for Attorneys' Fees

Defendants argue that this Court should award it $25,757.50 in fees for work in connection with their Motion to Dismiss and for this Fee Motion. "'All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KES　　　　　　　　　　　　　Date: January 20, 2022
Title: Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

the anti-SLAPP statute and those fees need not be apportioned,' so long as there are legal theories that are 'inextricably intertwined.'" *Intermarketing Media, LLC et al v. Brent David Barlow et al*, 2021 WL 6102516, at *1 (C.D. Cal. Nov. 4, 2021) (Staton, J.). Indeed, "[a] 'plaintiff should not be permitted to avoid imposition of attorneys' fees for a motion to dismiss when the factual and some of the legal bases for the claims are inextricably intertwined' with those presented in an anti-SLAPP motion." *Id.* Here, Defendants' Motion to Dismiss raised several grounds for dismissing the state-law claims raised in the Complaint filed by Plaintiff Cove USA LLC. Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f), Defendants argued that Plaintiff's state-law claims "fail[ed] to allege proper claims under California law," the state-law claims were "absolutely privileged under Federal and California law," and Plaintiff could not seek monetary damages for any alleged violations of California's Unfair Competition law. (Mot. at 2, Doc. 16.) Defendants further argued that under California's anti-SLAPP statute, Plaintiff could not establish a probability of success as to the state-law claims. (*See*, *e.g.*, *id.* at 11-20.) Therefore, the non-anti-SLAPP grounds raised in the Motion were inextricably bound with the anti-SLAPP arguments. Accordingly, the Court will award "'all reasonable attorneys' fees associated with the entirety of [D]efendants' motion to [dismiss].'" *Intermarketing Media, LLC*, 2021 WL 6102516, at *1.

　　　　Counterdefendants contend that Defendants "list numerous tasks that would have been completed even if the anti-SLAPP motion had not been filed" and that "Defendants are not entitled to attorneys' fees for such work." (Opp. at 6, Doc. 50.) While courts have recognized that a party may not obtain fees for "entries devoted to matters other than the motion to strike," Counterdefendants have not established such billing occurred here. *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008). Indeed, the entries listed by Counterdefendants, such as matters relating to the "'L.R. 7-3 letter' and the meet and confer conference," were all related to the Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02314-JLS-KES                                                                   Date: January 20, 2022
Title:  Cove USA LLC v. No Bad Days Enterprises, Incorporated et al

Defendants also submitted evidence to show that the fees sought are reasonable. "Defendants are limited to 'reasonable fees,' as framed by reasonable hours spent compensated by a reasonable hourly rate." *Intermarketing Media, LLC*, 2021 WL 6102516, at *2.  Here, the Court has reviewed the rates submitted by Defendants and find that they are reasonable.  (*See* Sozio Decl. ¶ 8, Doc. 44-1; Vakil Decl. ¶¶ 5, 10, Doc. 44-2.)  Moreover, the Court has also reviewed the declarations and individual billing entries and finds that the hours spent on the Motion to Dismiss and the Fee Motion were also reasonable.  (*See* Ex. A to Vakil Decl., Doc. 44-2; Ex. A to Sozio Decl., Doc. 44-1.)  However, the Court does not award attorneys' fees for the three hours attributable to a hearing on Defendants' Fee Motion since the hearing has been vacated and the matter decided on the briefing.  (Vakil Decl. ¶ 8 (noting hourly rate of $225/hour and that he anticipates spending "another 3 hours in preparation and attendance of the hearing on the motion"), Doc. 44-1.)  Accordingly, the Court awards Defendants $25,082.50 ($25,757.50 less $675) in attorneys' fees.

### IV.    CONCLUSION

For the above reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

Initials of Deputy Clerk: mku