Michaela Battista Sozio, Esq., SBN 179148
msozio@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, California 90045
Telephone: (310) 203-4800
Fax: (323) 486-2704

Attorneys for Defendant and Counter-Claimant
No Bad Days Enterprises, Inc. and
Defendant Scott Sample

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVE USA LLC, a California limited liability company, | Case No. 8:20-cv-02314-JLS-KES |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** |
| v. | |
| NO BAD DAYS ENTERPRISES INCORPORATED, a California corporation; SCOTT SAMPLE, an individual; and DOES 1-10, inclusive, | Complaint Filed: December 7, 2020 |
| Defendants. | |

Plaintiff and Counter-Defendant COVE USA LLC and Counter-Defendant Sean Archer Todd (together "Cove"), on the one hand, and Defendant/Counter-Claimant NO BAD DAYS ENTERPRISES, INC. and Defendant Scott Sample (together, "NBD"), (collectively, "the Parties") all contemplate that discovery in the above captioned action (the "Action") will involve the exchange of information, and the production of documents and other materials by the Parties, which may contain information in the nature of personal information, trade secrets, or information

otherwise of a confidential, regulated, or proprietary nature, as described more fully below; and

WHEREAS, in order to establish procedures that would, among other things, protect the Parties from public disclosure of such personal information, trade secrets, or information otherwise of a confidential, regulated, or proprietary nature that might result in damage to the Parties or to a third-party and which are not restricted or barred from being produced, the Parties agree to limit the disclosure and dissemination of personal information, trade secrets, or information otherwise of a confidential, regulated, or proprietary nature that are in the possession, custody, or control of one of the Parties or a third-party, while at the same time allowing the Parties to obtain discovery thereof under the terms and conditions set forth below.

WHEREAS, a protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential or regulated information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

WHEREAS, the Parties hereto have stipulated to the terms and conditions of this Agreed Protective Order (the "Protective Order") through their undersigned counsel;

**IT IS HEREBY ORDERED THAT:**

1. <u>Scope and Application of Protective Order</u>.  This Protective Order shall govern any document, information or other material that is designated as containing "Confidential Information" as defined herein, and is produced in connection with this litigation by any person or entity (the "producing Party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving Party") regardless of whether the person or entity producing or receiving the "Confidential Information" is a Party to this litigation.

/ / /

2. <u>Definitions</u>.

  2.1. <u>Confidential Information</u>. "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to private, confidential and proprietary information, including but not limited to personally identifiable information; confidential medical or employment information; trade secrets; non-public commercial, financial, pricing, budgeting and/or accounting information; non-public information about existing and potential customers; contracts, marketing studies, performance and projections; non-public business strategies, decisions and/or negotiations; personnel compensation, evaluations and other employment information; and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the Parties to this action have or have had business relationships. A protective order is warranted, and there is good cause for such treatment for these categories of information because such information derives value from not being publicly known, and public disclosure of such information would lead to serious and unwarranted injury.

  2.2. <u>Documents</u>. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronically stored information, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

3. <u>Initial Designation</u>.

  3.1. <u>Good Faith Claims</u>. Claims of confidentiality will be made only with respect to documents, other tangible things, electronically stored information, and information that the asserting Party has a good faith belief are within the definitions set forth in subparagraphs 2.1 and 2.2 of this Protective Order.

1  Objections to such claims made pursuant to paragraph 5 shall also be made only in
2  good faith.

3       3.2. <u>Produced Documents</u>. A Party producing documents that it
4  believes constitute or contain Confidential Information shall produce copies bearing
5  a label that contains or includes language substantially identical to the following:

> CONFIDENTIAL: Subject to Protective Order in Case No. 8:20-CV-02314-JLS-KES in the United States District Court, Central District

The label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or Party makes copies of documents designated as containing Confidential, the copying person or Party shall mark each such copy as containing Confidential Information in the same form as the notice on the original document.

A Party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving Party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing Party as containing Confidential Information, the receiving Party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the notice on the original data storage device produced. If the receiving Party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving Party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

3.3. <u>Interrogatory Answers</u>. If a Party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth that answer in a separate document that is produced and designated as Confidential Information in the same manner as a produced document under subparagraph 3.2. The answers to interrogatories should make reference to the separately-produced document containing the answer, but such document should not be attached to the interrogatories.

3.4. <u>Inspections of Documents</u>. In the event a Party elects to produce files and records for inspection and the requesting Party elects to inspect them, no designation of Confidential Information needs to be made in advance of the inspection, with the understanding that the inspecting Party must be authorized to view such documents. For purposes of such inspection, all material produced shall be considered as Confidential Information. If the inspecting Party selects specified documents to be copied, the producing Party shall designate Confidential Information in accordance with subparagraph 3.2 at the time the copies are produced.

3.5. <u>Deposition Transcripts</u>. No person except those permitted access to Confidential Information by this Order can attend depositions when Confidential Information is disclosed. At the deposition, a Party may inform the other Parties to the action if the transcript or portions of it are designated as Confidential Information.

3.6. <u>Multipage Documents</u>. A Party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a Party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the

document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

   4. <u>Designations by Another Party</u>.

      4.1. <u>Notification of Designation</u>. If a Party other than the producing Party believes that a producing Party has produced a document that contains or constitutes Confidential Information of the non-producing Party, the non-producing Party may designate the document as Confidential Information by so notifying all Parties in writing within 15 days of service of the document.

      4.2. <u>Return of Documents</u>. Whenever a Party other than the producing Party designates a document produced by a producing Party as Confidential Information in accordance with subparagraph 4.1, each Party receiving the document shall either add the Confidential Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing Party. Each Party shall destroy all undesignated copies of the document or return those copies to the producing Party, at the direction of the producing Party.

      4.3. <u>Nondisclosure</u>. No Party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraphs 7.1 and 8.1, until after the expiration of the 15-day designation period specified in subparagraph 4.1. If during the 15-day designation period a Party discloses an undesignated document to a person authorized to receive Confidential Information under subparagraphs 7.1 and 8.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing Party shall cause all copies of the document to be destroyed or returned to the producing Party, at the direction of the producing Party. The Party may thereafter disclose a copy of the document that has been marked as

Confidential Information by the designating Party, in accordance with subparagraphs 3.2, 7.1, and 8.1.

    5.    <u>Objections to Designations</u>.

        5.1.    <u>Notice of Objection</u>. Any Party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating Party and all other Parties of the objection in writing within 14 days of the receipt of the designation or, if a document is first produced less than 60 days before the then-pending trial date, within half of the time remaining before trial. This notice must specifically identify each document that the objecting Party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

        5.2.    <u>Conference Regarding Objection</u>. The Parties with an interest in the resolution of the objection shall confer within 5 days after the date of such objection in an attempt to resolve their differences, unless the Parties agree to a longer time. If the Parties are unable to resolve their differences, the objecting Party shall have 10 days after the conference concludes to file with the Court a motion to remove the Confidential Information designation.

        5.3.  <u>Treatment after Objection Is Raised</u>. All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing Party shall, upon written request by a Party, provide that Party a copy of that document without the Confidential Information designation described in subparagraph 3.2.

    6.    <u>Custody</u>. All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by

the receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraphs 7.1 and 8.1.

      7.      Handling of Confidential Information Prior to Trial.

           7.1.    <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the receiving Party only to the following persons:

           a.    Counsel for the Parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

           b.    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

           c.    Actual and potential deposition and trial witnesses in this Action;

           d.    Experts and their staff who are consulted by counsel for a Party in this litigation;

           e.    Parties to this litigation, limited to the named Party and, if that Party is a corporate entity, employees of the corporate entity, and its insurers;

           f.    Designated in-house counsel and a limited number of assistants, administrative or otherwise;

           g.    Outside vendors employed by counsel for copying, scanning, and general handling of documents; and

           h.    The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

      Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

           7.2.    <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving Party has obtained a written acknowledgment from the person receiving

Confidential Information, in the form attached in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A Party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving Party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request or order. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.3. <u>Disclosure to Competitors</u>. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating Party, the Party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14 day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise. For purposes of this Protective Order, "competitor" is defined as any person or entity that provides a similar product or service as the designating Party.

7.4. <u>Unauthorized Disclosures</u>. All persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party or person responsible for the disclosure, and any other Party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the

designating Party. Without prejudice to other rights and remedies of the designating Party, the responsible Party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.5. <u>Court Filings</u>. All correspondence, pleadings, motions, exhibits, transcripts or other papers filed with the Court containing or disclosing Confidential Information shall be filed under seal and shall be available for inspection only by the Court, the Court's staff, counsel of record to the Parties and necessary employees of such counsel until further order of Court, except as otherwise agreed by the Parties and any consenting third-party that designated the documents, materials or information as Confidential Information.

8. <u>Care in Storage</u>. Any person in possession of Confidential Information produced by another Party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

9. <u>Handling during Trial</u>. Confidential Information that is subject to this Order may be marked and used as trial exhibits by either Party, subject to terms and conditions as imposed by the Court upon application by any Party.

10. <u>No Implied Waivers</u>. The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Order. Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11. <u>No Admission</u>. Neither this Order nor the designation of any item as Confidential Information shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. <u>Inadvertent Failure to Designate as Confidential</u>. The inadvertent and/or unintentional failure to designate any information as Confidential in accordance with this Protective Order shall not be deemed a waiver in whole, or in part, of a Party's claim of confidentiality. In the event of the disclosure of such information, the information shall be designated as Confidential Information by the Party as soon as reasonably possible after the Party becomes aware of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Protective Order. No liability shall attach to any Party's disclosure of such information from the time of receipt of the information until such time as the Party properly designates it as Confidential Information.

13. <u>Inadvertent Disclosure of Privileged Documents or Information</u>.

13.1. <u>Inadvertently Produced Document</u>. For purposes of paragraph 14 of this Protective Order, an "Inadvertently Produced Document" is a document produced to a Party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

13.2. <u>No Waiver of Privileges or Rights</u>. Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

13.3. <u>Notice of Inadvertently Produced Document</u>. A producing Party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving Party's counsel in writing and shall contain

information sufficient to identify the Inadvertently Produced Document. In addition, a Party which determines that it may have received an Inadvertently Produced Document shall immediately notify the producing Party of the inadvertent disclosure. The producing Party may then provide notice of the inadvertent disclosure to the receiving Party.

13.4.   Response to Inadvertently Produced Document. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving Party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing Party and shall immediately delete all electronic versions of the document and all notes or other work product reflecting the contents of such material. The Parties agree that no copies shall be made of the Inadvertently Produced Documents.

13.5.   Objection to Designation. The receiving Party may object to the producing Party's designation of an Inadvertently Produced Document by providing written notice of such objection within 5 business days of its receipt of a written demand for the return of an Inadvertently Produced Document. The Parties shall confer within 10 days after the date of such objection in an attempt to resolve their differences, unless the Parties agree to a longer time. If the Parties are unable to resolve their differences, the objecting Party shall have 21 days after the conference concludes to file with the Court a motion. Any such motion shall be resolved by the Court after an in camera review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the Parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

14.   Parties' Own Documents. This Protective Order shall in no way restrict the Parties in their use of their own documents and information, and nothing in this Order shall preclude any Party from voluntarily disclosing its own documents or information.

12
STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON
CASE NO. 8:20-cv-02314-JLS-KES

15. <u>Motion to Compel Production of Confidential Information</u>. If any third-party moves to compel a Party to this action to produce any Confidential Information, such Party shall immediately notify the Parties who originally produced and/or designated such Confidential Information that a motion has been made in order to allow the Parties who originally produced and/or designated such Confidential Information the opportunity to oppose the motion. In addition, if a Party is ordered to produce Confidential Information covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given the Parties who originally produced and/or designated such Confidential Information. Nothing in this Protective Order shall be construed as requiring the Party who is ordered to produce such Confidential Information to challenge or appeal any order requiring the production of such Confidential Information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

16. <u>No Effect on Other Rights</u>. This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any Party with respect to Confidential Information.

17. <u>Modification</u>. In the event any Party hereto seeks a Court order to modify the terms of this Order, said Party shall make such request by written stipulation or noticed motion to all Parties that must be served and filed in accordance with local court rules.

18. <u>Handling upon Conclusion of Litigation</u>. All Parties, counsel, and persons to whom disclosure was made are ordered to return all Confidential Information to the designating Party within 90 days of the conclusion of litigation. In addition, counsel shall certify in writing that all such Confidential Information has been returned. Counsel for each Party also shall contact each person to whom that Party has provided a copy of any Confidential Information and request the

documents be returned. In lieu of returning Confidential Information, the person or Party in possession of such Confidential Information may elect to destroy it. If the person or Party in possession of Confidential Information elects to destroy it rather than return it, that person or Party must notify the designating Party in writing of the destruction of the Confidential Information within 90 days of the conclusion of litigation.

**IT IS SO STIPULATED.**

Dated: March 18, 2022      OMNI LEGAL GROUP

By:  /s/ Omid E. Khalifeh
Omid Khalifeh, Esq.
Lara Petersen, Esq.
Attorneys for Plaintiff and Counter-Defendant Cove USA and Counter-Defendant Sean Archer Todd

Dated: March 18, 2022      TRESSLER LLP

By:  /s/ Michaela Battista Sozio
Michaela Battista Sozio, Esq.
Attorneys for Defendants
No Bad Days Enterprises, Inc. and Scott Sample

#4878-1976-6806 (443-340)

## SIGNATURE ATTESTATION:

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 18, 2022                    TRESSLER LLP


                                          By:      /s/ Michaela Battista Sozio
                                                Michaela Battista Sozio, Esq.
                                                Attorneys for Defendants
                                                No Bad Days Enterprises, Inc. and
                                                Scott Sample

# APPENDIX A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare that:

1. My home address is _____
_____.

2. My present employer is _____ and the address of my present employment is _____
_____.

3. I have received a copy of the Protective Order entered in this litigation.

4. I have carefully read and understand the provisions of the Protective Order. I agree to comply with all of the provisions of the Protective Order and not to reveal or otherwise communicate to anyone any of the documents, materials or information that is designated "Confidential Information" and that is disclosed to me, except in accordance with the terms of said Protective Order. I further agree not to make use of any documents, information or materials designated as Confidential Information pursuant to the Protective Order other than for the purpose of this litigation.

5. I will hold in confidence and not disclose to anyone, other than the persons entitled to receive such information under paragraph 7.1 of the Protective Order entered in this litigation, all documents, information and other materials designated as Confidential Information (including summaries, notes, abstracts, indices or copies of such Confidential Information) that is disclosed to me.

6. I also agree to destroy or return to counsel of record not later than thirty (90) days after the termination of this litigation all Confidential Information and summaries, notes, abstracts, indices or copies of such Confidential Information,

which come into my possession, and documents or things which I have prepared relating thereto.

    7.    I hereby expressly submit to the jurisdiction of the United States District Court-Central District for the purpose of enforcing the Protective Order, including any contempt of court proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Dated _____, 20\_\_\_

_____
(signature)

_____
Printed Name

_____
Email Address

_____
Phone Number

#

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, a copy of foregoing **STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: March 18, 2022                    TRESSLER LLP

                                         By:   /s/ Michaela Battista Sozio
                                                Michaela Battista Sozio, Esq.
                                                Attorneys for Defendants
                                                No Bad Days Enterprises, Inc. and
                                                Scott Sample