# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:20-cv-02314-JLS-KESxDate:  March 21, 2022

Title:  COVE USA LLC v. NO BAD DAYS ENTERPRISES, INCORPORATED et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Recorder |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:****ORDER re Stipulation for Protective Order (Dkt. 56)**

On March 18, 2022, the parties filed a stipulated proposed protective order.  (Dkt. 56.)  The Court declines to enter the proposed protective order but invites the parties to re-submit it after addressing the following issues:

1.Section 1: It is unclear if the intent of this paragraph is to bind non-parties to the obligations in this protective order.  Typically, non-parties need to stipulate to be subject to a case protective order and then can received its benefits, like designating documents Confidential when they respond to a subpoena.

2.Section 5:  Discovery motions filed with the Court must conform with Local Rule 37-1 or Judge Scott's procedures for telephonic hearings posted under "Judges' Procedures and Schedules" on the Court's website.  Often, parties are not required to challenge confidentiality designations before a deadline, because the parties may not know immediately which documents are important.  It is not efficient to bring motions over the designation of documents that no party plans to use to support its claims/defenses.  The "form" protective order posted with Judge Scott's Procedures and Schedules has appropriate model language.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02314-JLS-KESx                                                Date: March 21, 2022
                                                                                                                                          Page 2

       3.       Section 6:  This section purports to impose some duty to "retain custody" of Confidential documents that would apply to the Court and its staff as persons authorized to receive such documents.  The Court's duties are established by the local rules and not protective orders entered in individual cases.

       4.       Section 7.1(h): This suggests that only the judges "hearing this litigation" will have access to Confidential materials.  Materials filed under seal are available to other judges and Court staff.

       5.       Section 7.4:  Since this refers to "all persons" receiving Confidential information, it potentially applies to the Court and Court staff.

       6.       Section 7.5:  The Court cannot authorize under seal filing in advance based simply on a Confidential designation.  The "form" protective order posted with Judge Scott's Procedures and Schedules has appropriate model language.

       7.       Section 8:  Again, this section attempts to impose duties on the Court and Court staff.

       8.       Section 9:  Discovery protective orders entered by magistrate judges do not address trial procedures.

       9.       Section 13.5:  Again, discovery motions filed with the Court must conform with Local Rule 37-1 or Judge Scott's procedures for telephonic hearings.  The Court will not agree in advance to conduct an in camera review of disputed documents.

       10.       Section 18:  Again, this section attempts to impose duties on the Court and Court staff.

                                                                                                 Initials of Deputy Clerk JD